Plaintiff #1, J.T. [1] is the parent/guardian of D.T. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Middletown, New Jersey.  As such, the LEA, Middletown Township Public School District, is obligated to provide D.T. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, D.T. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.  The Plaintiff-Student's most recently agreed upon IEP is attached in Appendix G.

Plaintiff #2, K.M.is the parent/guardian of M.M. and S.M., both of whom are classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Staten Island, New York.  As such, the LEA, the NEW YORK CITY DEPARTMENT OF EDUCATION, is obligated to provide both M.M. and S.M. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, both M.M. and S.M. are qualified individuals with a disability who were denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment. The Plaintiff-Students' most recently agreed upon IEPs are attached in Appendix G.

Plaintiff #3, J.J. is the parent/guardian of Z.J. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Meriden, Connecticut.  As such, the LEA, Meriden School District, is obligated to provide Z.J. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, Z.J. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment. The Plaintiff-Student's most recently agreed upon IEP is attached in Appendix G.

Plaintiff #4, C.N. is the parent/guardian of V.N. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Leander, Texas.  As such, the LEA, Leander Independent School District, is obligated to provide V.N. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, V.N. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment. The Plaintiff-Student's most recently agreed upon IEP is attached in Appendix G.

## CALIFORNIA

Plaintiff #5, C.C. is the parent/guardian of J.S. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Spring Valley, CA.  As such, the LEA, La Mesa-Spring Valley School District, is obligated to provide J.S. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.S. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #6, J.M. is the parent/guardian of A.M. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Carlsbad, CA.  As such, the LEA, Carlsbad Unified School District, is obligated to provide A.M. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.M. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

---

[1] Pursuant to the federal Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g (and 34 C.F.R. Part 99), Counsel is using the initials of the parent/guardian and student to protect the student's privacy.

Plaintiff #7, B.K. is the parent/guardian of T.K. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of San Diego, CA.  As such, the LEA, Poway Unified School District, is obligated to provide T.K. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, T.K. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #8, K.G.B. is the parent/guardian of G.B. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Temecula, CA.  As such, the LEA, Temecula Valley Unified School Disitrict, is obligated to provide G.B. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, G.B. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #9, A.J. is the parent/guardian of M.J. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Laguna Hills, CA.  As such, the LEA, Capistrano Unified School District, is obligated to provide M.J. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, M.J. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #10, D.C.H is the parent/guardian of K.H. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Santa Paula, CA.  As such, the LEA, Santa Paula Unified School District, is obligated to provide K.H. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, K.H. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #11, M.A.G. is the parent/guardian of A.C. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Fresno, CA.  As such, the LEA, Central Unified School District, is obligated to provide A.C. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.C. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #12, S.K. is the parent/guardian of I.K. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Santa Rosa, CA.  As such, the LEA, Santa Rosa City School District, is obligated to provide I.K. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, I.K. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #13, D.V. is the parent/guardian of N.H. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Visalia, CA.  As such, the LEA, Tulare City School District, is obligated to provide N.H. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, N.H. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

**CONNECTICUTT**

Plaintiff #14, A.P. is the parent/guardian of J. P. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Bristol, CT.  As such, the LEA, Bristol School District, is obligated to provide J. P. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J. P. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #15, C.V. is the parent/guardian of both J.V. and W.V. who are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of North Haven, CT.  As such, the LEA, North Haven School District, is obligated to provide J.V. and W.V. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.V. and W.V. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #16, R.A. is the parent/guardian of E.A. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Bridgeport, CT.  As such, the LEA, Bridgeport School District, is obligated to provide E.A. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, E.A. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #17, M.O. is the parent/guardian of S.O. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Stratford, CT.  As such, the LEA, Stratford Public Schools, is obligated to provide S.O. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, S.O. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #18, M.K. is the parent/guardian of Y.K. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Oakville, CT.  As such, the LEA, Watertown School District, is obligated to provide Y.K. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, Y.K. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #19, E.V. is the parent/guardian of M.V. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Danbury, CT.  As such, the LEA, Danbury Public Schools, is obligated to provide M.V. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, M.V. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #20, O.V.T. is the parent/guardian of D.T. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Norwalk, CT.  As such, the LEA, Norwalk School District, is obligated to provide D.T. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, D.T. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #21, A.H. is the parent/guardian of C.H. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Norwalk, CT. As such, the LEA, Norwalk School District, is obligated to provide C.H. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, C.H. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #22, J.R. is the parent/guardian of H.P. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Stamford, CT. As such, the LEA, Stamford School District, is obligated to provide H.P. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, H.P. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

## FLORIDA

Plaintiff #23, T.Y. is the parent/guardian of M.P. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Boynton Beach, FL. As such, the LEA, Palm Beach School District, is obligated to provide M.P. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, M.P. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

## ILLINOIS

Plaintiff #24, L.J. is the parent/guardian of N.J. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Hazel Crest, IL. As such, the LEA, Hazel Crest School District, is obligated to provide N.J. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, N.J. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

## INDIANA

Plaintiff #25, L.F. is the parent/guardian of H.F. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Fortville, IN. As such, the LEA, Mt Vernon School District, is obligated to provide H.F. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, H.F. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #26, B.A. is the parent/guardian of V.K. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Valparaiso, IN. As such, the LEA, Valparaiso Community School District, is obligated to provide V.K. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, V.K. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

## MINNESOTA

Plaintiff #27, S.D. is the parent/guardian of M.D. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Minneapolis, MN.  As such, the LEA, North ST. Paul-Maplewood Oakdale School District, is obligated to provide M.D. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, M.D. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #28, K.H. is the parent/guardian of both T.H. and T.H. who are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Minnetrista, MN.  As such, the LEA, Minnetonka School District, is obligated to provide T.H. and T.H. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, T.H. and T.H. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #29, A.B. is the parent/guardian of J.O. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Beardsley, MN.  As such, the LEA, Clinton-Graceville-Beardsley School District, is obligated to provide J.O. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.O. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

## NORTH CAROLINA

Plaintiff #30, C.C. is the parent/guardian of J.C. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Charlotte, NC.  As such, the LEA, Charlotte Mecklenburg School District, is obligated to provide J.C. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.C. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

## NEW JERSEY

Plaintiff #31, K.R. is the parent/guardian of J.R. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of West Orange, NJ.  As such, the LEA, West Orange Town School District, is obligated to provide J.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.R. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #32, T.M. is the parent/guardian of T.M. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Fair Haven, NJ.  As such, the LEA, Fair Heaven Public Schools, is obligated to provide T.M. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, T.M. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #33, N.L. is the parent/guardian of E.L. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Hazlet, NJ. As such, the LEA, Hazlet Township Public Schools, is obligated to provide E.L. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, E.L. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #34, K.G. is the parent/guardian of K.G. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of DeAberdeen, NJ. As such, the LEA, Matawan-Aberdeen Regional School District, is obligated to provide K.G. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, K.G. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #35, D.C. is the parent/guardian of both M.C. and J.C. who are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Middletown, NJ. As such, the LEA, Middletown Township Public School District, is obligated to provide M.C. and J.C. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, M.C. and J.C. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #36, P.O. is the parent/guardian of both L.O. and E.O. who both are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Middletown, NJ. As such, the LEA, Middletown Township Public School District, is obligated to provide L.O. and E.O. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, L.O. and E.I. are qualified individuals with a disability who were denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #37, L.F.W. is the parent/guardian of S.W. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Belvidere, NJ. As such, the LEA, Belvidere School District, is obligated to provide S.W. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, S.W. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #38, S.N. is the parent/guardian of A.A. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Netcong, NJ. As such, the LEA, Netcong School District, is obligated to provide A.A. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, A.A. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #39, S.M. is the parent/guardian of J.N. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Wharton, NJ. As such, the LEA, Roxbury Township School District, is obligated to provide J.N. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, J.N. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #40, A.H. is the parent/guardian of S.M. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Cherry Hill, NJ.  As such, the LEA, Cherry Hill School District, is obligated to provide S.M. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, S.M. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #41, G.K. is the parent/guardian of A.M.T. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Sicklerville, NJ.  As such, the LEA, Washington Township School Distirct, is obligated to provide A.M.T. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.M.T. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #42, S.L. is the parent/guardian of both D.L. and C.L. who are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Shamong, NJ.  As such, the LEA, Shamong Township Public Schools, is obligated to provide D.L. and C.L. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, D.L. and C.L. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #43, K.P. is the parent/guardian of N.P. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Williamstown, NJ.  As such, the LEA, Monroe Township Public Schools, is obligated to provide N.P. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, N.P. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #44, D.C. is the parent/guardian of S.C. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Cape  May Court House, NJ.  As such, the LEA, Cape May County Special Services School District, is obligated to provide S.C. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, S.C. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #45, B.A. is the parent/guardian of C.A., K.A and S.A who are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Clayton, NJ.  As such, the LEA, Clayton School District, is obligated to provide C.A., K.A. and S.A. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, C.A., K.A. and S.A. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #46, C.N. is the parent/guardian of A.H. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Jackson, NJ.  As such, the LEA, Jackson School District, is obligated to provide A.H. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.H. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #47, L.M. is the parent/guardian of M.M. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Manasquan, NJ.  As such, the LEA, Eatontown Public School District, is obligated to provide M.M. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, M.M. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #48, K.O. is the parent/guardian of J.L. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Holmdel, NJ.  As such, the LEA, Holmdel School district, is obligated to provide J.L. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.L. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #49, A.S. is the parent/guardian of N.S. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Toms River, NJ.  As such, the LEA, Manchester Township School District, is obligated to provide N.S. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, N.S. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #50, J.C. is the parent/guardian of both S.C. and G.C. who are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Flemington, NJ.  As such, the LEA, Readington Township Public Schools, is obligated to provide S.C. and G.C. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, S.C. and G.C. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

**NEW YORK**

Plaintiff #51, M.R. is the parent/guardian of J.B. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide J.B. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.B. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #52, D.R. is the parent/guardian of M.R. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide M.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, M.R. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #53, E.I. is the parent/guardian of A.I. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide A.I. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.I. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #54, L.P. is the parent/guardian of both O.R. and A.R. who are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY. As such, the LEA, NYC DOE, is obligated to provide O.R. and A.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, O.R. and A.R. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #55, M.B. is the parent/guardian of C.B. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY. As such, the LEA, NYC DOE, is obligated to provide C.B. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, C.B. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #56, A.D. is the parent/guardian of A.F. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY. As such, the LEA, NYC DOE, is obligated to provide A.F. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, A.F. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #57, C.M. is the parent/guardian of B.M. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY. As such, the LEA, NYC DOE, is obligated to provide B.M. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, B.M. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #58, K.M. is the parent/guardian of both L.C. and O.C. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City,NY. As such, the LEA, NYC DOE, is obligated to provide L.C. and O.C. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, L.C. and O.C. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #59, J.O. is the parent/guardian of N.O. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY. As such, the LEA, NYC DOE, is obligated to provide N.O. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, N.O. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #60, B.A.B. is the parent/guardian of A.A. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY. As such, the LEA, NYC DOE, is obligated to provide A.A. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, A.A. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #61, L.B. is the parent/guardian of L.B. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide L.B. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, L.B. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #62, K.M. is the parent/guardian of S.M. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide S.M. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, S.M. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #63, R.N. is the parent/guardian of M.L. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide M.L. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, M.L. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #64, M.B. is the parent/guardian of F.B. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide F.B. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, F.B. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #65, K.T. is the parent/guardian of K.T. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide K.T. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, K.T. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #66, D.G. is the parent/guardian of A.R. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide A.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.R. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #67, D.G. is the parent/guardian of A.R. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide A.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.R. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #68, S.G. is the parent/guardian of S.G. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide S.G. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, S.G. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #69, B.H. is the parent/guardian of C.H. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide C.H. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, C.H. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #70, S.L. is the parent/guardian of G.L. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide G.L. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, G.L. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #71, M.P. is the parent/guardian of R.P. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide R.P. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, R.P. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #72, N.B. is the parent/guardian of A.M. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide A.M. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.M. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #73, R.B. is the parent/guardian of G.B. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide G.B. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, G.B. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #74, M.M. is the parent/guardian of P.R. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide P.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, P.R. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #75, K.P. is the parent/guardian of R.P. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide R.P. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, R.P. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #76, C.F. is the parent/guardian of Z.F. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide Z.F. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, Z.F. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #77, E.S. is the parent/guardian of S.O. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Middletown, NY.  As such, the LEA, Middletown City School District, is obligated to provide S.O. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, S.O. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #78, C.G. is the parent/guardian of H.G. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide H.G. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, H.G. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #79, B.H. is the parent/guardian of E.H. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide E.H. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, E.H. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #80, B.S. is the parent/guardian of E.D.S. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide E.D.S. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, E.D.S. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #81, A.R. is the parent/guardian of A.R. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide A.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.R. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #82, E.P. is the parent/guardian of R.C. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide R.C. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, R.C. is a qualified individual with a disability who are denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #83, N.K. is the parent/guardian of S.H. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide S.H. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, S.H. is a qualified individual with a disability who are denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #84, S.C. is the parent/guardian of both N.C. and S.C. who are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide N.C. and S.C. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, N.C. and S.C. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #85, J.L. is the parent/guardian of J.L. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide J.L. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.L. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #86, H.D. is the parent/guardian of J.D. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide J.D. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.D. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #87, L.W. is the parent/guardian of both J.W. and E.W. who are classified as students with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide J.W. and E.W. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.W. and E.W. are qualified individuals with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #88, F.R. is the parent/guardian of C.R. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of New York City, NY.  As such, the LEA, NYC DOE, is obligated to provide C.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, C.R. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #89, S.M. is the parent/guardian of P.C. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Babylon, NY.  As such, the LEA, Babylon Union Free School District, is obligated to provide P.C. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, P.C. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #90, J.F. is the parent/guardian of G.P. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Copiague, NY.  As such, the LEA, Lindenhurst School District, is obligated to provide G.P. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, G.P. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #91, D.L. is the parent/guardian of M.L. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Lydenhurst, NY.  As such, the LEA, Lindenhurst Union Free School District, is obligated to provide M.L. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, M.L. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #92, A.S. is the parent/guardian of J.S. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Massapequa, NY.  As such, the LEA, Massapequa Union Free School District, is obligated to provide J.S. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.S. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #93, A.F. is the parent/guardian of R.F. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of East Patchogue, NY.  As such, the LEA, South Country Central School District, is obligated to provide R.F. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, R.F. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #94, D.R. is the parent/guardian of M.R. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Hicksville, NY.  As such, the LEA, Hicksville Union Free School District, is obligated to provide M.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, M.R. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #95, J.L. is the parent/guardian of C.A. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Oxford, NY.  As such, the LEA, Oxford Academy And Central School District, is obligated to provide C.A. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, C.A. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #96, T.H. is the parent/guardian of T.W. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Corfu, NY.  As such, the LEA, Pembroke Central School District, is obligated to provide T.W. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, T.W. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

## OHIO

Plaintiff #97, P.S.B. is the parent/guardian of G.B. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Vermilion, OH.  As such, the LEA, Vermilion Local School District, is obligated to provide G.B. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, G.B. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

## PENNSYLVANIA

Plaintiff #98, A.R. is the parent/guardian of J.R. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Gouldsboro, PA.  As such, the LEA, North Pocono School District, is obligated to provide J.R. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.R. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #99, K.W. is the parent/guardian of N.W. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Pittsburgh, PA.  As such, the LEA, Pittsburgh School District, is obligated to provide N.W. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, N.W. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #100, A.S. is the parent/guardian of E.S. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Phoenixville, PA.  As such, the LEA, Phoenixville Area School District, is obligated to provide E.S. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, E.S. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

## SOUTH CAROLINA

Plaintiff #101, J.J. is the parent/guardian of Z..J. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Charleston, SC.  As such, the LEA, Unified School District, is obligated to provide Z..J. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, Z..J. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

Plaintiff #102, C.F. is the parent/guardian of A.F. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Longs, SC.  As such, the LEA, Horry County Schools, is obligated to provide A.F. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, A.F. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

<b>VIRGINIA</b>

Plaintiff #103, L.T. is the parent/guardian of B.T. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Williamsburg, VA.  As such, the LEA, York County School District, is obligated to provide B.T. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, B.T. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.

<b>WASHINGTON</b>

Plaintiff #104, J.M. is the parent/guardian of J.M. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Ocean Park, WA.  As such, the LEA, Ocean Park School District, is obligated to provide J.M. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year.  Pursuant to both Section 504 and the ADA, J.M. is a qualified individual with a disability who was denied benefits as per their IEP from the LEA solely because of their disability.  Such denial of educational benefits was in bad faith or a gross misjudgment.