

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

August 26, 2020

**By ECF**
Hon. Gregory H. Woods
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *J.T. v. de Blasio*, 20 Civ. 5878 (CM)

Dear Judge Woods:

    This Office represents New York State Department of Education ("SED") in the above-referenced action. I write with respect to the Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction dated August 22, 2020, which was entered on the docket on August 24, 2020 (ECF No. 29) ("Order to Show Cause"). For the reasons discussed below, SED seeks clarity regarding whether or not it is required to respond to the Order to Show Cause and, if so, SED respectfully requests an extension of time to file its response.

    Plaintiffs bring this putative class action against numerous defendants, including "the School Districts in the United States" and "the State Departments of Education in the United States." Plaintiffs allege that when school districts nationwide instituted remote learning as a result of the ongoing COVID-19 pandemic, students with disabilities were deprived of certain services to which they were entitled. Plaintiffs bring their claims under a variety of statutes, including the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA").

    On August 22, 2020, the Court issued the Order to Show Cause, directing "the above-named Defendants" to file a written response to the Plaintiffs' application for a Temporary Restraining Order and Preliminary Injunction, as well as any motion to dismiss, sever, or transfer, by September 4, 2020. ECF No 29, p. 1. The Order to Show Cause also directed Plaintiffs to serve a copy of the Order to Show Cause on Defendants or their counsel on or before August 24, 2020 at 10 a.m. and to retain proof of service. *Id.*, p. 2.[1]

    As an initial matter, Plaintiffs violated the Court's Order by failing to serve SED with the Order to Show Cause by August 24, 2020 at 10:00 a.m. Indeed, to date, Plaintiffs have failed to

---

[1] While the Order to Show Cause references certain papers filed by Plaintiffs, no such papers are available on the docket.

properly serve SED with either the complaint[2] or the Court's Order to Show Cause in this action.[3] Instead, on August 24, 2020, at approximately 2:40 p.m., Plaintiffs' counsel emailed the Order to Show Cause to a general special education email address maintained by SED (SPECED@nysed.gov). First, this email was untimely, as it came nearly five hours after the Court-ordered deadline. Second, not only is an email to a general email inbox patently insufficient to effect service, but Plaintiffs' counsel is well aware that such an email does not constitute proper service on SED. Plaintiffs' counsel in this action, the Brain Injury Rights Group, has brought multiple prior actions against SED, and has repeatedly been in touch with counsel at SED concerning the proper way to effectuate service on SED. Third, and most specifically, Plaintiffs' counsel is aware that it must seek and obtain SED's consent in order to serve papers electronically, and it is further aware of the proper individuals to contact at SED concerning such requests. Indeed, Plaintiffs' counsel made a request to serve SED electronically just last week in the matter of *Erde v. Carranza, et al.*, 20 Civ. 02181 (EDNY)(FB)(VMS). Therefore, it is inexcusable for Plaintiffs to violate the Court's order and fail to properly serve or notify SED about the Order to Show Cause. For these reasons alone, Plaintiffs should not be permitted to proceed with their motion for a preliminary injunction as against SED. Further, should the Court permit Plaintiffs to proceed with this motion as against SED, SED respectfully requests that its time to respond to the complaint be calculated in accordance with Fed. R. Civ. P. 12(a)(1)(A) after Plaintiffs effectuate proper service.

Moreover, Plaintiffs' motion for a preliminary injunction does not appear to seek any relief from SED. Significantly, Plaintiffs do not appear to expect SED to respond to the motion, given that they have not served SED with either the complaint or the motion papers, nor have they properly served SED with the Court's Order to Show Cause. Plaintiff's failure to serve SED is consistent with well-established precedent that SED is not a proper party to this type of case, nor is it the proper party to provide the relief requested by Plaintiffs in their motion for a preliminary injunction.

Specifically, Plaintiffs seek a preliminary injunction directing "Defendants" to either immediately reopen schools or to issue pendency vouchers for students, and directing school districts to evaluate students to ascertain their current level of educational performance. But, local educational agencies ("LEAs") (typically local school districts) are the direct providers of special education programs and services (*see* 20 U.S.C. § 1413(a)(1)), and state educational agencies ("SEAs"), such as SED, have general supervisory authority (*see* 20 U.S.C. § 1412(a)(11)(A)). To the extent Plaintiffs purport to challenge the provision of services to the individually named Plaintiff-Students, it is well-established that SED is not a proper party to a lawsuit concerning the alleged shortcomings of an LEA's actions with respect to individual students. *See, e.g., Ventura de Paulino v. New York City Department of Education*, 959 F.3d 519 (2d Cir. 2020); *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15 Civ. 9679 (NSR), 2018 WL 4964230, at *16-17 (S.D.N.Y. Oct. 15, 2018); *Y.D. v. N.Y.C. Dep't of Educ.*, No. 14 Civ. 1137 (LTS), 2016 WL 698139, at *5 (S.D.N.Y. Feb. 19, 2016); *J.E. v. Chappaqua Cent. Sch. Dist.*,

---

[2] The Clerk of the Court issued a summons to "State Departments of Education in the United States" at 89 Washington Avenue, Albany, New York. While SED is located at that address, that summons is not properly directed to SED.

[3] SED only became aware of this action and the Court's Order to Show Cause when it was notified by the Corporation Counsel and reviewed the docket.

No. 14 Civ. 3295 (NSR), 2015 WL 4934535, at *7 (S.D.N.Y. Aug. 17, 2015); *Dorian G. v. Sobol*, No. 93 Civ. 0687 (EHN), 1994 WL 876707, at *3 (E.D.N.Y. Jan. 28, 1994). Moreover, Plaintiffs cannot seek relief as against SED merely based on "broad and conclusory allegations that SED has failed to meet its statutory responsibilities." *Mr. & Mrs. B. v. Bd. of Educ. of Syosset Sch. Dist.*, No. 96 Civ. 5752 (FB), 1998 WL 273025, at *4 (E.D.N.Y. Jan. 15, 1998).

Similarly, to the extent Plaintiffs seek evaluations, compensatory education, or other specific services, they concede that this relief can only be sought against the local school districts. *See, e.g.,* Pls.' Mem. p. 23 ("Plaintiff-Parents seek to have their respective LEAs' Committee on Special Education promptly convene after the completion of the requested independent evaluations for the purpose of ascertaining the Plaintiff-Students' current needs and abilities to develop modified IEPs . . ."); p. 23 ("Plaintiff-Parents seek compensatory damages from their respective LEAs."); p. 29 ("Defendant-School Districts have failed to provide the services Plaintiff-Students are entitled to as outlined in their IEPs."); p. 34 (discussing the balance of equities solely with respect to school districts); p. 35 ("a school district is obligated to maintain the student's then-current educational placement during the pendency of the proceedings."); p. 41 ("If the Defendant-School Districts do not agree to immediately remedy their violations of Plaintiffs' rights by implementing the educational program as per the Plaintiff-Students' pendency rights, Plaintiffs seek the issuance of a Pendency Voucher as an alternative."); pp. 42-43 ("It is the Defendant-School Districts' obligation to provide a pendency placement . . . If Defendant-School District has an issue with such Pendency Voucher, it should promptly reopen its school or secure a seat at any school it thought could implement Plaintiff-Students' then-current educational placement . . ."); p. 43 (discussing the "burden" and "responsibility" of the school districts); p. 48 ("Plaintiffs herein seek a minimum award of compensatory education for all of the services as outlined in the Plaintiff-Students' IEP that the Defendant-School Districts failed to provide since March 2020.").

Accordingly, taken together with Plaintiffs' failure to comply with the Court's Order to Show Cause and their failure to properly serve SED, it does not appear that Plaintiffs seek relief as against SED in their motion for a preliminary injunction. However, to the extent the Court does require SED to respond to Plaintiffs' motion, SED requests that the Court set a deadline for Plaintiffs to serve the complaint and motion papers on SED, and that the Court set SED's deadline to move to dismiss and to oppose Plaintiffs' motion for a preliminary injunction for 21 days thereafter.

Thank you for your time and attention to this matter.

                                              Respectfully submitted,

                                              /s/ ALISSA S. WRIGHT
                                            Alissa S. Wright
                                            Assistant Attorney General
                                            (212) 416-6035