

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514    PHONE (516) 334-4500    FAX (516) 334-4501    WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

August 27, 2020

Via ECF

Hon. Gregory H. Woods
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

        Re:    *J.T. et al. v. de Blasio, et al.*
                 Docket No.    :    20-CV-5878 (CM)
                 File No.         :    200122

Your Honor:

      We are counsel to the Lindenhurst Union Free School District ("Lindenhurst") and the Massapequa Union Free School District ("Massapequa"). We write to make a similar request to the one filed by the New York State Department of Education yesterday. *See* ECF Docket Entry No. 32. We seek clarity regarding whether or not my clients are required to respond to the order to show cause and complaint and, if so, we request an extension of time to do so.

      A copy of the summons and complaint was believed to have been dropped off in some form at the respective school districts on August 12 or 13th. Upon my retention as counsel, I reached out to plaintiffs' counsel by phone and email seeking to discuss the matter and obtain an extension of time to respond to the complaint.

      I did not hear back so I followed up with another phone message and email on August 24th. A copy of that email is attached as Exhibit A. Again, I did not receive a response and have not received one as of my submission of this letter.

      We believe neither school district has been properly named or served with the complaint in accordance with the Federal Rules of Civil Procedure. Rule 4(a) of the Federal Rules of Civil Procedure provides, in part, that a summons must name the court and the parties and be directed to the defendant. *See* Fed. R. Civ. P. 4(a)(1)(A), (B); *see also In re Motors Liquidation Co.*, 563 B.R. 498, 509 (Bankr. S.D.N.Y. 2016) ("Rule 4(b) and the Advisory Committee Notes make clear that the summons must 'effectively identify' the defendant to be served.") (citations omitted).

SOKOLOFF STERN LLP

Hon. Gregory H. Woods
August 27, 2020
Page 2

Additionally, under Rule 10 of the Federal Rules of Civil Procedure, the caption of a complaint "must name all the parties." Fed. R. Civ. P. 10(a).

Neither the Lindenhurst Union Free School District nor the Massapequa Union Free School District was named as a defendant in the summons. In fact, the summons received by my clients is addressed to "School Districts in the United States c/o the New York City Department of Education" and sets forth the NYC Law Department's Manhattan address. This is insufficient as my clients are public school districts on Long Island that have no relationship with the New York City Department of Education or New York City Law Department.

While there is language on the summons that says "and see attached rider," there is no such rider attached to the summons received or the one on file on the ECF system. *See* ECF Docket Entry No. 18.

Further, neither of these entities is named as a defendant in the caption or anywhere in the body of the complaint. Plaintiffs' naming of, and purported service of, all "the School Districts in the United States" simply does not suffice in light of the explicit requirements set forth in the Federal Rules of Civil Procedure. Furthermore, it appears the manner in which the summons and complaint was provided to my clients failed to comply with the service procedures set forth in Rule 5 of the Federal Rules of Civil Procedure and the New York Education Law.

I am aware from the docket that the Court directed plaintiffs' counsel to serve their order to show cause on defendants or their counsel on or before August 24, 2020 at 10 a.m. *See* ECF Docket Entry No. 32. Plaintiffs' counsel did not timely serve either of my clients.

I have not been contacted and Massapequa has not received anything either. On Wednesday, August 26, 2020 at 5:38 p.m., after the close of business and more than two full days after the service deadline, plaintiffs' counsel emailed the summons and complaint and order to show cause to the Lindenhurst Superintendent of Schools, Daniel Giordano, apparently as a bcc on the email. A copy of the email is attached as Exhibit B.

This purported service violated the Court Order as far as the deadline to serve, ignored my communication about representation, and was an improper means of service. We ask the Court not to permit plaintiffs to proceed with their motion for a preliminary injunction against Lindenhurst and Massapequa.

Because the above-mentioned school districts have not been properly named in the complaint, much less properly served with a valid complaint against them, the court is deprived of personal jurisdiction over these entities. *See In re Kalikow*, 602 F.3d 82, 92 (2d Cir. 2010) ("Before

SOKOLOFF STERN LLP

Hon. Gregory H. Woods
August 27, 2020
Page 3

a federal court may exercise personal jurisdiction over a [party], the procedural requirement of service … must be satisfied.") (quoting *Dynegy Midstream Servs. v. Trammochem,* 451 F.3d 89, 94 (2d Cir. 2006)).

      Should the Court permit plaintiffs to proceed with the order to show cause and/or the complaint against my clients, we request the Court set a deadline for plaintiffs to serve the complaint and motion papers and that the Court set the school district's deadline to move to dismiss and oppose the motion for a preliminary injunction for 21 days thereafter. While plaintiffs' case is premised on a disbelief in the effects of the pandemic, school district resources are substantially strained right now preparing for reopening and require additional time to respond to this action.

      Thank you for your consideration of this matter.

                                                   Respectfully submitted,

                                                   SOKOLOFF STERN LLP

                                                   ADAM I. KLEINBERG

CC: All counsel of record (via ECF)