

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

August 24, 2020

Via Email

Peter G. Albert, Esq.
Brain Injury Rights Group, Ltd.
300 East 95th Street, Suite 130
New York, New York 10128

|      | Re: | *J.T. et al. v. de Blasio, et al.* |   |          |
| ---- | --- | ---------------------------------- | - | -------- |
|      |     | S.D.N.Y. Docket No.                | : | 20-CV-5878 |
|      |     | File No.                           | : | 200122   |

Dear Mr. Albert:

We are counsel to the Lindenhurst Union Free School District and the Massapequa Union Free School District.

On August 20, 2020, I emailed you to seek an extension of time to respond to the complaint. I followed up with a phone message this morning. I have not yet heard back from you so I am sending this follow-up.

I have reviewed the complaint and write to address a few fundamental issues before seeking to involve the court. We believe neither school district has been properly named or served in accordance with the Federal Rules of Civil Procedure.

Rule 4(a) of the Federal Rules of Civil Procedure provides, in part, that a summons must name the court and the parties and be directed to the defendant. *See* Fed. R. Civ. P. 4(a)(1)(A), (B); *see also In re Motors Liquidation Co.*, 563 B.R. 498, 509 (Bankr. S.D.N.Y. 2016) ("Rule 4(b) and the Advisory Committee Notes make clear that the summons must 'effectively identify' the defendant to be served.") (citations omitted). Additionally, under Rule 10 of the Federal Rules of Civil Procedure, the caption of a complaint "must name all the parties." Fed. R. Civ. P. 10(a).

Neither the Lindenhurst Union Free School District nor the Massapequa Union Free School District was named as a defendant in the summons. In fact, the summons received by my clients is addressed to "School Districts in the United States c/o the New York City Department of Education" and sets forth the NYC Law Department's Manhattan address. This is insufficient as

SOKOLOFF STERN LLP

Peter G. Albert, Esq.
August 24, 2020
Page 2

my clients are public school districts on Long Island that have no relationship with the New York City Department of Education or New York City Law Department.

While there is language on the summons that says "and see attached rider," there is no such rider attached to the summons received or the one on file on the ECF system. *See* Docket Entry No. 18.

Further, neither of these entities is named as a defendant in the caption or anywhere in the body of the complaint. Plaintiffs naming of, and purported service of, all "the School Districts in the United States" simply does not suffice in light of the explicit requirements set forth in the Federal Rules of Civil Procedure. Furthermore, it appears the manner in which the summons and complaint was provided to my clients failed to comply with the service procedures set forth in Rule 5 of the Federal Rules of Civil Procedure and the New York Education Law.

Because the above-mentioned school districts have not been properly named in the complaint, much less properly served with a valid complaint against them, the court is deprived of personal jurisdiction over these entities. *See In re Kalikow*, 602 F.3d 82, 92 (2d Cir. 2010) ("Before a federal court may exercise personal jurisdiction over a [party], the procedural requirement of service … must be satisfied.") (quoting *Dynegy Midstream Servs. v. Trammochem,* 451 F.3d 89, 94 (2d Cir. 2006)).

To the extent you correct these deficiencies and seek for me to execute a waiver of service, please advise and I will consult with my clients and get back to you as soon as practicable.

To the extent you disagree, please provide us with a copy of the summons and affidavit of service showing otherwise. I do not see an affidavit of service on the ECF system.

Please feel free to contact me to discuss.

Very truly yours,

SOKOLOFF STERN LLP

ADAM I. KLEINBERG