

Jill M. O'Toole
Phone:  (860) 251-5909
Mobile: (860) 597-5700
jotoole@goodwin.com

August 28, 2020

**VIA ECF**

The Honorable Colleen McMahon
U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *J.T. v. de Blasio*, No. 1:20-cv-5878 (CM) (S.D.N.Y.)

Dear Judge McMahon:

We write on behalf of our clients in Connecticut, including: Ashford Board of Education, Bolton Board of Education, Branford Board of Education, Bristol Board of Education, Danbury Board of Education, Eastford Board of Education, East Hartford Board of Education, Greenwich Board of Education, North Haven Board of Education, Plainfield Board of Education, Regional School District 17 Board of Education, Rocky Hill Board of Education, Seymour Board of Education, Southington Board of Education, Windsor Board of Education, and Woodstock Board of Education (the "Connecticut BOE Defendants").  For the reasons explained below, the Connecticut BOE Defendants respectfully request a modest extension of time to respond to the Complaint, a modest extension of time to respond to the Plaintiffs' request for a temporary restraining order and preliminary injunction, and a structured approach to the Rule 12 motions in a manner that promotes judicial efficiency.

By way of background, Plaintiffs filed a sprawling, putative class action complaint on July 28, 2020 (ECF 1) purporting to represent a class of plaintiffs who receive special education and related services and who claim to have been denied their rights to free appropriate public education.  Plaintiffs seek either an immediate reopening of schools or vouchers for similar programs, in addition to money damages and other relief.  They have named as defendants nearly all school districts in the United States along with all state departments of education.  To underscore the magnitude of this action, there are 159 defendants named from Connecticut alone and there are 117 pages of named defendants, bringing the total number of defendants to approximately 12,865.

Hon. Colleen McMahon
August 28, 2020
Page 2 of 3

Plaintiffs have apparently applied for a temporary restraining order ("TRO") and preliminary injunction ("PI"), though no motion papers have been filed on the docket. This Court has set a deadline of September 4, 2020 for Defendants to respond to Plaintiffs' application for a TRO and PI and to file motions to dismiss, sever, transfer, or for other relief. (ECF 29; the "Order".) In the Order, this Court also directed Plaintiffs to serve a copy of the Order on Defendants or their counsel on or before August 24, 2020 at 10 a.m. (*Id.*)

There are multiple issues with the Summons and Complaint, not the least of which is the absence of subject matter jurisdiction because Plaintiffs have failed to exhaust their administrative remedies, thereby depriving the Court of subject matter jurisdiction under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA"). Personal jurisdiction is similarly lacking over the Connecticut BOE Defendants. In addition, there are challenges to be made as to venue, the sufficiency of process, and the sufficiency of service. For example, the vast majority of Defendants have not been served with the Summons and Complaint, let alone the Order. Also, Plaintiffs have neither filed nor, in the vast majority of cases, served their application for a TRO and PI, leaving the Connecticut BOE Defendants in a position of not being able to respond to that which they do not know.

Of the Connecticut BOE Defendants, it is our understanding that in person service was purportedly attempted on just one, the Bristol Board of Education ("Bristol"). While we are still evaluating the sufficiency of service on Bristol, and do not waive any challenges to the sufficiency of service, Bristol received a box of documents on or about August 13, 2020. There has been limited staff in the Bristol special education office due to the pandemic and the receipt of the box was not widely known or understood, leading to a delay in transferring the box to outside counsel. Arguably, Bristol's time to respond is September 3, 2020. A few of the other Connecticut BOE Defendants may have received a copy of the Summons and Complaint by email after August 13, 2020. The Connecticut BOE Defendants respectfully request a modest two-week extension of the September 4, 2020 deadline set by the Order to respond to the Complaint until September 18, 2020.[1]

In light of these jurisdictional and procedural issues, the Connecticut BOE Defendants respectfully submit that the interests of justice and judicial economy will be best served if they are able to first brief the procedural and jurisdictional defects with the Summons and Complaint before addressing the insufficiency of the allegations in the 80-page Complaint. Such an approach may significantly pare down the over 12,500 defendants that are named in this action and render the case slightly more manageable. It may also help to frame the issues raised by Plaintiffs' application for temporary or

---

[1]     This firm also represents other Boards of Education in Connecticut that have not yet been properly served with the Summons and Complaint. They do not join in this request, do not waive their right to respond to the Summons and Complaint within the time limits set forth in Rule 12, and expressly reserve and do not waive any other rights.

Hon. Colleen McMahon
August 28, 2020
Page 3 of 3

preliminary injunctive relief, which may even be rendered moot if this Court determines it lacks jurisdiction.

For all of these reasons, the Connecticut BOE Defendants respectfully request:

(1)       a deadline of September 5, 2020 for Plaintiffs to file the motion papers in support of Plaintiffs' application for a TRO and PI;

(2)       an extension until September 18, 2020 to file motions to dismiss directed at procedural and jurisdictional issues under Rule 12(b)(1)-12(b)(5);

(3)       an extension until September 25, 2020 to respond to the Plaintiffs' application for a TRO and PI; and

(4)       a deadline of 21 days following this Court's ruling on procedural and jurisdictional motions to dismiss to file Rule 12(b)(6) motions.

In accordance with Your Honor's Individual Practices Section 1.D, the Connecticut BOE Defendants state that this is the first request for an adjournment or extension of any of the deadlines set forth herein.  The above proposed schedule affects the scheduled deadline of September 4, 2020 for Defendants' responsive pleading and response to Plaintiffs' application for a TRO and PI, which have not yet been filed.  A proposed Revised Scheduling Order is attached.

Undersigned counsel has contacted counsel for Plaintiffs to ascertain Plaintiffs' position on this motion.  By the time of the filing of this letter request, we have not yet received a response.

We appreciate the Court's consideration and assistance with this matter.

Respectfully submitted,

| | By:  _/s/ Jill M. O'Toole_ |
|---|---|
| | Jill M. O'Toole |
| | SHIPMAN & GOODWIN LLP |
| | 400 Park Avenue, Fifth Floor |
| | New York, NY 10022 |
| | Tel.: (212) 376-3010 |
| | jotoole@goodwin.com |
| | |
| | *Attorneys for the Connecticut BOE Defendants* |

8932678v1