

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/2020

# MEMORANDUM ENDORSED

**THE CITY OF NEW YORK**

**JAMES E. JOHNSON**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK G. TOEWS**
*Assistant Corporation Counsel*
phone: (212) 356-0871
email: mtoews@law.nyc.gov

August 31, 2020

**By ECF**
Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>J.T. *et al*. v. Mayor de Blasio *et al*.</u>
          20 CV 5878 (CM)

Dear Judge Woods:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York and am one of the attorneys assigned to represent Mayor Bill de Blasio, Chancellor Richard Carranza, and The New York City Department of Education (collectively, the "NYC Defendants") in the above-referenced matter. For the reasons explained below, I write to respectfully request that the deadline for my office to oppose Plaintiffs' request for a temporary restraining order and preliminary injunction and to respond to the complaint through an answer or a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be extended by two (2) weeks.

      By way of background, Plaintiffs filed a putative nation-wide class action complaint on July 28, 2020 (*see* Dkt. # 1) purporting to represent a class of all students who receive special education and related services and who claim to have been denied their rights to a free appropriate public education. However, they did not serve the complaint for over two weeks.

      Plaintiffs seek an immediate reopening of schools for in-person learning; or, alternatively, immediate, independent re-evaluations of every special education student's current level of educational performance, "pendency vouchers" to cover the costs of providing special education instruction and related services, as well as compensatory and punitive damages. In

addition to the NYC Defendants, they have named as defendants nearly all school districts in the United States along with all state departments of education.

The complaint and the Plaintiffs' motion papers seeking a temporary restraining order and preliminary injunction contain no factual allegations whatsoever as to what effects, if any, the change to remote learning and related services as a result of the COVID-19 pandemic had on the 2 Plaintiff students in the caption who are identified by their initials and who are alleged to reside in New York City. With respect to the 37 additional New York City Plaintiff students named by their initials in the Appendix, all that is stated in is that they are New York City residents who have been classified as students with disabilities. These 37 Plaintiff students are not even mentioned in Plaintiffs' motion papers. While it is unobjectionable to identify students by their initials in publicly-filed papers, the NYC Defendants are clearly entitled to and need to know the identity of the Plaintiffs who are suing them.

Accordingly, on August 21, 2020, I sent an email to Plaintiffs' counsel requesting the full names and dates of birth for these 39 Plaintiff students who purportedly reside in New York City, indicating that the NYC Defendants require this information to prepare an appropriate response to Plaintiffs' requested relief. I did not receive any response. On August 25, 2020, I sent Plaintiffs' counsel the same request again, and again received no response. Today, August 31, 2020, I sent Plaintiffs' counsel an email requesting their consent for our request for a two week extension of the NYC Defendants' time to respond to the complaint and the motion for a temporary restraining order and preliminary injunction. I again have received no response.

In sum: (1) Plaintiffs' request for a temporary restraining order and preliminary injunction may have potentially far-reaching, system-wide implications for the DOE's over 200,000 special education students and requires a robust response from the NYC Defendants, addressing the merits of the requested preliminary injunctive relief; (2) DOE's response will necessarily involve a time-consuming investigation into these 39 individual Plaintiff students' records; and (3) this investigation cannot begin until the NYC Defendants learn the identities of Plaintiff students.

In addition, the NYC Defendants are facing enormous challenges at this time. The opening day for the New York City public schools is September 10, 2020. On that date, New York City will begin an unprecedented new educational model. Based on parental choice, New York City's over 1.1 million public school students (including students with disabilities) will either participate in blended learning (which is a combination of in-person and remote instruction) or solely remote instruction. Implementing this model in the era of COVID-19, when the safety of the students and staff is of paramount concern, is now understandably consuming all the time and effort of the staff of the New York City Department of Education. According to media reports, New York City is the only major school district in the country that is reopening its schools for in-person instruction in September.

Accordingly, I respectfully request, on behalf of the NYC Defendants, a two (2) week extension of time, until September 18, 2020, to respond to Plaintiffs' request for a temporary restraining order and preliminary injunction, and to respond to the complaint. This would affect Plaintiffs' time to respond. Pursuant to Your Honor's scheduling order, that date would presumably then be two weeks later, which is October 2, 2020.

This is the NYC Defendants' first request for an extension of the deadline to respond to Plaintiffs' complaint and motion for a temporary restraining order and preliminary injunction.

In addition, the NYC Defendants respectfully request that Your Honor order Plaintiffs' counsel to immediately disclose to me the full names and dates of birth of the 39 Plaintiff students who are alleged to reside in New York City.

Thank you for your consideration of this request.

Respectfully yours,

/s/MGT
Mark G. Toews
Assistant Corporation Counsel

The Court has reviewed this letter and the other letter addressed to Judge Woods filed on the docket of this case at Dkt No. 42. Both applications are denied without prejudice. Judge Woods ruled on the prior applications as the Part I judge; he is no longer on Part I duty. Applications with respect to this case should be addressed to the assigned district judge, or, in her absence, to the judge serving on Part I duty.

SO ORDERED.

Dated: September 1, 2020
New York, New York

GREGORY H. WOODS
United States District Judge