

BRYAN L. LeCLERC
bleclerc@berchemmoses.com

September 1, 2020

Please Reply To
Milford Office
WWW.BERCHEMMOSES.COM

**VIA ECF**

Hon. Colleen McMahon
United States Courthouse
500 Pearl St.
New York, NY  10007-1312

   Re:   *J.T., et. al. v. Bill DeBlasio, et. al.*
        *Docket No. 1:20-cv-5878 (CM) (S.D.N.Y.)*

Dear Judge McMahon;

  This office represents the Norwalk Board of Education, Bridgeport Board of Education, Stamford Board of Education and Stratford Board of Education (collectively the "Defendants").  Each of the aforementioned Defendants are located in the State of Connecticut.  For the reasons set forth more fully below, the Defendants respectfully request an extension of time to respond to the Plaintiffs' Complaint (the "Complaint") and the Plaintiff's Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction (the "Application") in the above-referenced matter (the "Action").

  By way of brief background, on or about July 28, 2020, the Plaintiffs filed their Complaint, a proposed class action, with this Court.  *Doc.* 1.  The Complaint contends that the proposed class of plaintiffs have, *inter alia,* been denied their right to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act (the "IDEA").  The Plaintiffs seek an immediate reopening of schools or vouchers for similar programs, as well as money damages and other relief.  The Complaint, consisting of eighty-three pages, exclusive of exhibits and attachments, appears to name every school district in the United States and every State Department of Education as defendants.  There are one hundred and ninety-five defendants from the State of Connecticut alone.

  On or about August 20, 2020, the Plaintiffs filed the Application seeking, *inter alia,* an order requiring "the schools" be re-opened for the purpose of providing the Plaintiffs with an education, immediate independent evaluations of the Plaintiffs, compensatory education and/or compensatory damages.  This Application does not appear on the Court's docket.  On or about August 22, 2020, the Court set a deadline of September 4, 2020 for the defendants to the Action to respond to the application for the temporary restraining order and preliminary injunction.  *Doc. 29.*  The Court further

75 BROAD STREET
MILFORD, CT 06460
TELEPHONE (203) 783-1200
FACSIMILE (203) 878-2235

1221 POST ROAD EAST
WESTPORT, CT 06880
TELEPHONE (203 )227-9545
FACSIMILE (203) 225-1641

ordered the Plaintiffs to serve their Order establishing the September 4, 2020 deadline on any defendant or its counsel on or before August 24, 2020 at 10:00 am. *Id.*

While the undersigned has entered an appearance for the above Defendants, the Plaintiffs' have not effected proper service of either the Complaint or the Application on such Defendants. The undersigned and the Defendants do not waive their respective rights to challenge the sufficiency of service. By way of example, on or about August 21, 2020, the Stratford Board of Education received the Court's Order regarding the Temporary Restraining Order and Preliminary Injunction by way of email. Likewise, on that same date, the Stamford Board of Education received an email providing it with a copy of the Court's order. Similarly, on or about August 27, 2020 - after the Court's deadline- a copy of the Court's Order regarding the Application was sent to a representative of the Bridgeport Board of Education by way of email. In addition, on or about August 26, 2020, a box containing the Complaint was left by a yet to be identified individual at the front desk of the Norwalk Board of Education, although the building in which that office sits is closed to the public.

The undersigned continues to investigate and evaluate the issue of service and reserves the right to address the same. Needless to say, the Plaintiffs purported service by way of email and/or a packageanonymously left at a Board of Education's office presents significant issues as to the legality and sufficient of service of process.

In addition, the Complaint and Application raise issues of personal and subject matter jurisdiction for the Court. First, the Complaint lacks any valid explanation as to how the Court has personal jurisdiction over the Defendants. While the Application attempts to argue that the Court has "long arm jurisdiction" over non-domiciliary school districts, it fails to establish a requisite connection to New York to support the same. Second, the Court lacks subject matter jurisdiction in that the Plaintiffs have failed to exhaust their administrative remedies, thereby depriving the Court of subject matter jurisdiction under the IDEA, 20 U.S.C. §§ 1400, et seq. Furthermore, there are potential challenges to venue that may be made by these and other defendants.

While the Defendants have identified the existing issues stemming from the Complaint and Application, they respectfully request additional time to respond to each so as to properly frame such issues for the Court in appropriate responsive pleadings. Accordingly, the Defendants respectfully request an extension of time to respond to the Application and Complaint as follows:

- Until September 25, 2020 to respond to the Application. The original deadline is September 4, 2020 per this Court's Order;
- Until September 25, 2020 to respond to the Complaint. Of the above Defendants, only the Norwalk Board of Education has had actual documents delivered to it. Those documents were delivered on August 26, 2020. Assuming such to be valid service, which is not conceded, a response would be due by September 17, 2020.

In accordance with this Court's Individual Practices, the Defendants state that this is the first requested extension and, accordingly, that no other previous requests were granted or denied. Plaintiffs' counsel has been contacted to determine whether they consent to the filing of this letter, but as of the filing of the same, they have not responded. A proposed scheduling order is attached hereto as Exhibit 1.

For all of the foregoing reasons, the Defendants respectfully request that the Court grant the requested extension of time.

Respectfully submitted,

Bryan L. LeClerc, Esq.

cc: All counsel of record (via ECF)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J.T., individually and on behalf of D.T.; *et al.*,

    Plaintiffs,

v.

BILL de BLASIO, in his official capacity as the Mayor of New York City; *et al.*,

    Defendants.

---

No. 1:20-cv-05878 (CM)

**[PROPOSED]
REVISED SCHEDULING ORDER**

IT IS HEREBY ORDERED:

(1) Defendants Norwalk Board of Education, Bridgeport Board of Education, Stamford Board of Education and Stratford Board of Education shall respond to the Plaintiffs' Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction on or before September 25, 2020; and

(2) Defendants Norwalk Board of Education, Bridgeport Board of Education, Stamford Board of Education and Stratford Board of Education shall respond to the Plaintiff's Complaint, including any arguments regarding personal or subject matter jurisdiction, on or before September 25, 2020.

SO ORDERED.

Dated: _____, 2020
New York, NY

_____
THE HON. COLLEEN MCMAHON
United States District Judge