UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————————

| | |
|---|---|
| J.T., Individually and On Behalf of D.T., | ) |
| K.M., Individually and On Behalf of M.M. and S.M., | ) |
| J.J., Individually and On Behalf of Z.J., | ) |
| C.N., Individually and On Behalf of V.N., | ) |
| and | ) |
| All Others Similarly Situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BILL de BLASIO, in his official capacity as the | ) |
| Mayor of New York City, *et al.* | ) |
| | ) |
| Defendants. | ) |

CASE NO.:  1:20-cv-05878-CM

Oral Argument Requested

—————————————————————————

## MEMORANDUM OF LAW SUPPORTING
## DEFENDANT COUNTY SCHOOL BOARD OF YORK COUNTY, VIRGINIA'S
## <u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

Curtis A. Johnson, Esq.
BOND, SCHOENECK & KING, PLLC
350 Linden Oaks, Third Floor
Rochester, New York  14625-2825
Telephone:  (585) 362-4700
cjohnson@bsk.com

David W. Hearn, Esq. (pending pro hac vice admission)
Jason H. Ballum, Esq. (pending pro hac vice admission)
SANDS ANDERSON, P.C.
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, VA 23218-1998
Telephone:  (800) 296-1636
dhearn@sandsanderson.com
jballum@sandsanderson.com

*Attorneys for County School Board of
York County, Virginia*

3601154.1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ....................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT ..........................................................................................................................3

      I.     The Court Lacks Personal Jurisdiction Over York County ....................................3

           A.     Plaintiff Bear's the Burden of Establishing the Court's Personal
                 Jurisdiction Over Defendants.....................................................................3

           B.     The Complaint Asserts No Statutory Basis for Personal Jurisdiction ........4

                 1.     The Court Lacks Specific Jurisdiction Over York County .............5

                 2.     The Court Lacks General Jurisdiction Over York County ..............7

           C.     Exercising Personal Jurisdiction Over York County Violates
                 Due Process.................................................................................................8

      II.     The Summons Fails to Identify York County as a Defendant..............................10

CONCLUSION......................................................................................................................11

3601154.1

**TABLE OF AUTHORITIES**

**Cases**                                                                                                      **Page(s)**

*Asahi Metal Industry Co. v. Superior Court of California*,
    480 U.S. 102 (1987)............................................................................................5, 9

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2d Cir. 2007).................................................................................6

*Bristol-Myers Squibb Co. v. Superior Court*,
    __ U.S. __, 137 S. Ct. 1773 (2017)....................................................................6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)............................................................................................9

*Calder v. Jones*,
    465 U.S. 783 (1984)............................................................................................4

*Chloe v. Queen Bee of Beverly Hills, LLC*,
    616 F.3d 158 (2d Cir. 2010).................................................................................9

*Cortlandt St. Recovery Corp. v. Deutsche Bank AG*,
    14-CV-01568(JPO),
    2015 U.S. Dist. LEXIS 114533,
    2015 WL 5091170 (S.D.N.Y. Aug. 28, 2015)....................................................5

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)............................................................................................7

*DiStefano v. Carozzi N. Am., Inc.*,
    286 F.3d 81 (2d Cir. 2001)...............................................................................3, 4

*Fujifilm Mfg, U.S.A. v. Goldman Sachs & Co.*,
    15-cv-8307 (PAE),
    2020 U.S. Dist. LEXIS 74525 (S.D.N.Y. Apr. 28, 2020)...................................6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)............................................................................................7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984).........................................................................................6, 8

*In re European Gov't Bonds Antitrust Litig.*,
    19 Civ. 2601 (VM),
    2020 U.S. Dist. LEXIS 130724 (S.D.N.Y. July 23, 2020) .................................6

3601154.1

*In re SSA Bonds Antitrust Litg.*,
    420 F.Supp. 3d 219 (S.D.N.Y. 2019)................................................................8

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    564 U.S. 873 (2011).............................................................................................6

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984).............................................................................................5

*King Cty., Wash. v. IKB Deutsche Industriebank, AG*,
    769 F. Supp. 2d 309 (S.D.N.Y. 2011)................................................................5

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    673 F.3d 50 (2d Cir. 2012)..............................................................................3, 4

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996).................................................................................9

*Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank (In re Motors
    Liquidation Co.)*,
    563 B.R. 498 (Bankr. S.D.N.Y. 2016)...............................................................11

*O'Neill v. Asat Trust Reg. (In re Terrorist Attacks on Sept. 11, 2001 (Asat Trust Reg.))*,
    714 F.3d 659 (2d Cir. 2013)................................................................................4

*Osrecovery, Inc. v. One Grp. Int'l, Inc.*,
    234 F.R.D. 59, 60-61 (S.D.N.Y. 2005).............................................................11

*Porina v. Marward Shipping Co.*,
    521 F.3d 122 (2d Cir. 2008)............................................................................4, 5

*S. New Eng. Tel. Co. v. Glob. NAPs Inc.*,
    624 F.3d 123 (2d Cir. 2010)................................................................................4

*Walden v. Fiore*,
    571 U.S. 277 (2014).............................................................................................5

## **Statutes and Other Authority**

8 VAC 20-81-110 ....................................................................................................2

20 U.S.C. § 1401 .....................................................................................................2

34 C.F.R. § 104.33 ..................................................................................................2

Fed. R. Civ. P. 4 ...........................................................................................3, 10, 11

Fed. R. Civ. P. 10 ...................................................................................................3

Fed. R. Civ. P. 12 ..........................................................................................................1, 3, 10, 11

N.Y. C.P.L.R. 302 ....................................................................................................................1, 4

County School Board of York County, Virginia ("York County"), by special appearance through its counsel, Bond, Schoeneck & King, PLLC and Sands Anderson, P.C., submits this brief supporting its Motion to Dismiss the Plaintiffs' Complaint under *Federal Rule of Civil Procedure* 12(b) based on lack of personal jurisdiction, insufficient process and insufficient service of process.[1]

## PRELIMINARY STATMENT

The Plaintiffs in this putative class action appear to claim that York County violated federal and state requirements in various ways in connection with the educational services that York County provides to students residing in Virginia.  Yet the Complaint makes no attempt to allege general or specific personal jurisdiction over York County, and presents no pleaded facts that establish York County's connection with the state of New York or suit-related conduct sufficient to create that connection.  While there is some evidence that Plaintiffs intended to make York County a defendant, it is not clear from the summons issued by the Court that they succeeded in that endeavor.  Even if they did, the Court does not have general or specific jurisdiction over York County under the New York long-arm statute, N.Y. C.P.L.R. 302, or under the due process requirements of the Fourteenth Amendment to the United States Constitution.  As a result, York County is not subject to the threshold requirement of personal jurisdiction as a matter of law and the Court must dismiss the Plaintiffs' claims against York County accordingly.

---

[1] Defendants reserve their right to join in the motions to dismiss made by other parties on other grounds, including on the grounds of lack of subject matter jurisdiction and failure to state a cause of action.

1

## BACKGROUND

The Complaint alleges that thousands of public school districts throughout the United States violated federal and state law by failing to provide full and sufficient special education instruction and services during the national pandemic created by the novel Covid-19 virus. The Complaint itself contains no express reference to York County beyond this four-sentence statement in Appendix B:

> Plaintiff #103, L.T. is the parent/guardian of B.T. who is classified as a student with a disability as per the IDEA, 20 U.S.C. § 1401(3), and a resident of Williamsburg, VA.[2] As such, the LEA, York County School District, is obligated to provide B.T. a Free Appropriate Public Education ("FAPE") pursuant to IDEA for every school year. Pursuant to both Section 504 and the ADA, B.T. is a qualified individual with a disability who was denied benefits as per their [sic] IEP from the LEA solely because of their [sic] disability. Such denial of educational benefits was in bad faith or a gross misjudgment.

Compl. App. B (ECF Doc. 1). The Complaint does not allege personal jurisdiction over any school division defendant, and presents no facts connecting York County to New York state.

As a political subdivision of the Commonwealth of Virginia, York County is organized and exists under Virginia law. Affidavit of Victor Shandor, ¶ 2. York County supervises public schools located in York County, Virginia and maintains its presence in that Virginia county. *Id.* Notably, York County is not a New York business or a New York resident. *Id.*, ¶¶ 2-4. Moreover, York County: does not have an office, business address, or other facility in New York; does not own real property in the state of New York; does not have a bank account in New

---

[2]  If the Plaintiffs' assertion is correct that L.T. and B.T. are residents of Williamsburg, Virginia, then York County has no obligation to this student under the IDEA, Section 504, the ADA, or the statutes federal and state implementing regulations. *See* 34 C.F.R. § 104.33(a) ("A recipient that operates a public elementary or secondary education program or activity shall provide a free appropriate public education to each qualified handicapped person who is in the recipient's jurisdiction, regardless of the nature or severity of the person's handicap."); *see also* 8 VAC 20-81-110(B) ("[E]ach local educational agency shall have an IEP in effect for each child with disability within its jurisdiction, with the exception of children placed in a private school by parents when a free appropriate public education is not at issue").

York; has not filed a corporate tax return in New York within the last 10 years; does not have any employees who work for York County in New York; is not registered with the New York Secretary of State to conduct business in New York; and does not provide educational services or academic instruction in the state of New York. *Id.*, ¶¶ 3, 4, 5, 6, 7, 8, 9, 10.

<u>**ARGUMENT**</u>

To the extent York County is even a defendant, Plaintiffs' Complaint lacks a statutory basis for personal jurisdiction over York County and fails to show that the Court's exercise of personal jurisdiction comports with constitutional due process. More specifically, the Complaint does not allege that York County transacted business in New York or purposefully availed itself of the protection afforded by New York law, and states no facts connecting any conduct in New York to the claims pleaded in the Complaint.

**I.     The Court Lacks Personal Jurisdiction Over York County.**

      **A.     Plaintiffs Have the Burden of Establishing the Court's Personal Jurisdiction Over York County.**

When a court's jurisdiction is contested, the plaintiff bears the burden of proving that jurisdiction lies in the forum state. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). To create personal jurisdiction over a foreign defendant, the plaintiff must show proper service[3], establish a statutory basis for personal jurisdiction and demonstrate that exercising jurisdiction satisfies constitutional due process. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012). When a district court elects to dispose of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary

---

[3] It is apparent that the Summons and the Complaint violate Rule 4(a) and Rule 10 of the *Federal Rules of Civil Procedure* because neither identify York County nor are directed against York County. Indeed, York County is even not named in the caption or the body of the Complaint. (*See* ECF Docs. 1, 18).

hearing, a "prima facie" standard governs the court's review.  *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (quoting *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)).  Under this standard, the Plaintiffs' have the burden of proving that personal jurisdiction exists and may not rely on "argumentative inferences" in the pleadings or "legal conclusion[s] couched as a factual allegations."  *O'Neill v. Asat Trust Reg. (In re Terrorist Attacks on Sept. 11, 2001 (Asat Trust Reg.))*, 714 F.3d 659, 673 (2d Cir. 2013) (citations omitted); *Licci,* 673 F.3d at 59; *DiStefano*, 286 F.3d at 84.  Additionally, each defendant's contacts with the forum state must be independently evaluated.  *Calder v. Jones*, 465 U.S. 783, 790 (1984) (further citation omitted).

### B.    The Complaint Asserts No Statutory Basis for Personal Jurisdiction.

The Plaintiffs do not allege or plead any facts establishing a statutory basis for jurisdiction over York County.  In fact, the jurisdictional allegations framed by the Complaint neither reference York County nor address personal jurisdiction.  *See* Compl. ¶¶ 109-114.  Even when viewed in the light most favorable to the Plaintiffs, the allegations in the Complaint fail to articulate facts or any legal basis that extends personal jurisdiction over Your County under New York's Long-Arm Statute, N.Y. C.P.L.R. 302, or any other law.

The lawsuit contains no direct allegations against York County in the body of the Complaint itself, and only a conclusory claim in Appendix B to the Complaint alleging that "York County School District[] is obligated to provide [Plaintiff] B.T. a Free Appropriate Education ("FAPE") pursuant to IDEA for every school year."  Compl., App. B.  The Complaint does not allege that York County transacts business in New York or voluntarily availed itself of the privileges and protections of New York state law.  Similarly, there are no factual allegations asserting that York County engaged in activities in New York that have an articulable nexus or

substantial relationship to the underlying cause of action.  *See King Cty., Wash. v. IKB Deutsche Industriebank, AG*, 769 F. Supp. 2d 309, 316 (S.D.N.Y. 2011).   In short, nothing in the Complaint invokes or satisfies a sufficient factual basis for statutory personal jurisdiction over York County.

### 1.    The Court Lacks Specific Jurisdiction Over York County.

The Plaintiffs cannot establish the Court's specific jurisdiction over York County because: (1) all of the pleaded actions forming the basis for the Plaintiff's claims against York County occurred exclusively in Virginia; (2) the Plaintiffs fail to plead that any of their claims arise from York County's contact with New York; and (3) the Complaint is devoid of factual allegations sufficient for the Court to exercise specific personal jurisdiction over York County in this lawsuit.

Specific personal jurisdiction requires that the defendant's contacts with the forum state are both related to the lawsuit and subject the defendant to legal claims that arise from the defendant's forum-based conduct.  *Porina*, 521 F.3d at 128; *Cortlandt St. Recovery Corp. v. Deutsche Bank AG*, 14-CV-01568(JPO), 2015 U.S. Dist. LEXIS 114533, 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015).  In other words, the action must arise directly from the defendant's specific contacts with the forum state.  To further satisfy due process requirements for specific personal jurisdiction where claims arise out of a defendant's alleged contacts with the forum state, the Court must also determine whether the defendant created minimum contacts within the state.  *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987).

Ultimately, specific jurisdiction exists only if the defendant's conduct as alleged in the lawsuit creates a "substantial connection" with the forum state.  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775 (1984)).  The Court's

3601154.1

minimum contacts analysis must assess the nexus between a plaintiff's claims and a defendant's forum-based activities. This nexus depends on the quality and nature of the defendant's forum contacts. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). Supreme Court precedent makes clear that a defendant's purposeful actions — not its expectations — will subject that defendant to judgment in the forum, and that "submission through contact with and activity directed at a sovereign may justify specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984)).

As this Court has recognized, the primary methods of demonstrating "minimum contacts" are: (1) purposeful availment (*i.e.,* whether the defendant *personally* conducted activities in New York), and (2) purposeful direction (*i.e.* whether the defendant's conduct outside the state that is the basis for the lawsuit caused in-forum effects harmful to the plaintiff.) *See In re European Gov't Bonds Antitrust Litig*., 19 Civ. 2601, 2020 U.S. Dist. LEXIS 130724 at 19 (S.D.N.Y. July 23, 2020) (citation omitted). For the latter method — known as the "effects test" — the defendant must expressly direct its conduct at the forum. Mere foreseeability of harm alone is insufficient to create specific jurisdiction based on an injury within the form state. *Fujifilm Mfg, U.S.A. v. Goldman Sachs & Co*., 15-cv-8307 (PAE), 2020 U.S. Dist. LEXIS 74525 at 48-49 (S.D.N.Y. Apr. 28, 2020).

The Supreme Court further addressed specific jurisdiction within the context of a class-action in *Bristol-Myers Squibb Co. v. Superior Court*, __ U.S. __, 137 S. Ct. 1773 (2017) where it held, in a putative class action involving both resident plaintiffs and nonresident plaintiffs suing out-of-state defendants, that where the facts giving rise to the out-of-state defendants'

liability with respect to out-of-state plaintiffs occurred entirely outside of the forum state, that the court does not have personal jurisdiction with respect to non-residents' claims.  The posture of the instant case is even more tenuous than *Bristol-Myers Squibb* because the resident plaintiffs only assert claims against in-state defendants arising out of facts occurring in New York, where the nonresident plaintiffs only assert claims against out-of-state defendants based on facts occurring outside of New York.

Thus, the Plaintiffs fail to establish any of the legal requirements for specific jurisdiction. First, the relatedness element is unsatisfied because the Plaintiffs' claims against this Defendant do not arise from or relate to contacts between York County and the state of New York. Second, there is no purposeful availment because York County has no presence in the state of New York.  Shandor Aff. at ¶¶ 3, 4, 5, 9, 10.  Third, there is no purposeful direction because the Complaint fails to plead any facts establishing that York County aimed conduct into New York or otherwise produced any effect in New York from educational services provided exclusively to a Virginia student in Virginia.  In short, because York County has nothing to do with the state of New York or its citizens, the Plaintiffs cannot establish sufficient minimum contacts for the Court to exercise specific jurisdiction over York County in this lawsuit.

### 2.       The Court Lacks General Jurisdiction Over York County.

The Court's exercise of general jurisdiction over York County also violates due process. A New York court cannot maintain general personal jurisdiction over York County because York County has no affiliations with New York sufficient to create a legal or factual basis to render York County essentially at home in New York.  *See Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564, U.S. 915, 919 (2011)).

General jurisdiction over a foreign defendant is proper only when that defendant's "affiliations are so continuous and systematic that they are essentially 'at home' in the forum state." *In re SSA Bonds Antitrust Litg*., 420 F.Supp. 3d 219, 235 (S.D.N.Y. 2019).  The test for general personal jurisdiction is considerably more stringent because — absent in-forum physical presence, incorporation or an in-forum principal place of business — a plaintiff must prove that a defendant's contacts with a forum state are *so substantial or systematic and continuous* that the defendant may reasonably defend *any* suit in the forum.  *Id.*; *Helicopteros*, 466 U.S. at 414-416.

Importantly, the Complaint does not plead any theory of general jurisdiction against York County, and could not do so.  York County is not domiciled in New York, conducts no business in New York, and has no presence in this state.  Shandor Aff. at ¶¶ 3, 4, 5.  York County is neither incorporated in New York, nor has its principal place of business or any other facility here.  *Id*. at ¶¶ 2, 3.  Indeed, York County is a political subdivision of Virginia and maintains its presence in that state.  *Id.*  York County does not have employees in New York, does not hold a bank account in New York, has not filed a corporate tax return in New York, does not own real property in New York, is not registered with the New York Secretary of State to conduct business in New York, and does not provide education services in New York.  *Id.* at ¶¶ 3, 4, 5, 6, 7, 8, 9, 10.  As a result — and under the controlling constitutional standards of *Goodyear*, *Daimler AG*, and *Helicopteros* — the Court cannot permissibly exercise general jurisdiction over York County because York County lacks contacts with New York that are sufficient to render this Virginia governmental entity "at home" in another state.

### C.     Exercising Personal Jurisdiction Over York County Violates Due Process.

The Court need not reach the question of whether exercising jurisdiction over York County satisfies due process because the Plaintiffs cannot establish statutory, general, or specific

3601154.1

jurisdiction.  Even so, due process does not exist here because the Complaint fails to allege any factual basis for the Court to conclude that there are sufficient "minimum contacts" between York County and New York.  Furthermore, the Plaintiffs fail to allege any factual basis to suggest that it is reasonable for the Court to exercise New York jurisdiction over a Virginia political subdivision.

The Second Circuit applies a straightforward due process analysis in the context of personal jurisdiction:

> Once a plaintiff demonstrates the required minimum contacts between the defendant and the forum, the Court then assesses the reasonableness of exercising personal jurisdiction over the defendant, i.e., whether the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice."

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (citation omitted); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("[o]nce it has been decided that a defendant purposefully established minimum contacts within the forum," the Court may consider the contacts in light of the reasonableness factors).  The Court applies a five-factor test to determine reasonableness that considers: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 173 (2d Cir. 2010) (citing *Asahi Metal Indus. Co. v. Superior Court of Cal*., 480 U.S. at 113-14).

No factor within the Court's reasonableness analysis supports personal jurisdiction here. To begin with, forcing York County's Virginia employees and representatives to appear and defend this action in New York presents a substantial burden in terms of time, expense, and

3601154.1

logistics.  New York, as a forum, has no direct interest in adjudicating a dispute  surrounding educational services provided in Virginia to Virginia students.  This action will not promote an efficient resolution of claims arising from actions that occurred solely in Virginia, and there is no commonality of interest among hundreds of state defendants each with independent and individualized education programs and school standards implicated by the claims asserted in the Complaint.  Simply put, forcing a Virginia local education agency to defend in a New York courtroom claims that are rooted in Virginia education plans administered in Virginia and offered to Virginia's citizens offends any traditional sense of fair play and would defeat substantial justice for York County.

## II.     The Summons Fails to Identify York County as a Defendant.

The Clerk of the United States District Court for the Southern District of New York did not list York County in any summons issued or potentially served on York County in this case. Rules 12(b)(4) and 12(b)(5) provide for dismissal of litigation for insufficient process and insufficient service of process respectively.  Rule 4(b) mandates that a summons "must be issued for each defendant to be served."  The 1993 Advisory Committee Notes explain that each addressee of the summons must be "effectively identified."  Plaintiffs attempted to shortcut the requirements of Rule 4(b) by filing one proposed summons for all 50 state education departments and another proposed summons directed at "School Districts in the United States c/o The New York City Department of Education, New York City Law Department, 100 Church Street, New York, New York 10007."  (ECF Doc. 15).  That proposed summons included a 117-page appendix listing school districts by state, without their addresses.  *Id.*  When the Clerks' office issued a corresponding summons, it omitted the appendix, opting instead to treat "School Districts in the United States" as a single defendant with the address of the New York City Law

3601154.1

Department.   (ECF Doc. 18).[4]   Thus, no summons issued naming York County or any other presumptive defendants in this case.

While Rule 4(b) appears to permit a single summons to be addressed to multiple defendants, the summons issued in this case was not so directed.   Defects in a summons, such and the one proposed and approved in this case, which show a flagrant disregard for the rules by failing to provide an address for each defendant will not create personal jurisdiction over the defendants.   *See Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank (In re Motors Liquidation Co.)*, 563 B.R. 498, 505-06 (Bankr. S.D.N.Y. 2016) (citing *Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234 F.R.D. 59, 60-61 (S.D.N.Y. 2005)).   Failing to properly name a defendant in a summons warrants dismissal under *Federal Rules of Civil Procedure* 12(b)(4) and (b)(5).   *Id.* at 506.   This Complaint should be dismissed against all defendants except those specifically identified by name and address in the summonses—*i.e.* the New York City defendants.

## CONCLUSION

For the reasons stated, the Court cannot properly exercise personal jurisdiction over York County in this presumptive class action lawsuit, and York County respectfully requests that the Court dismiss the Plaintiffs' claims against York County with prejudice and grant York County such other and further relief as the Court deems just and proper.

---

[4] As is evidenced by the appearance of defense counsel on the docket, the separate defendants were not entered into the Court's CM/ECF system, requiring each defense counsel to appear on behalf of "School Districts of the United States."

3601154.1

Dated:  September 2, 2020

BOND, SCHOENECK & KING, PLLC


By:_____/s/ Curtis A. Johnson_____
       Curtis A. Johnson
*Attorneys for County School Board of York County, Virginia*
350 Linden Oaks, Third Floor
Rochester, New York  14625-2825
Telephone:  (585) 362-4700
cjohnson@bsk.com

David W. Hearn, Esq. (pending pro hac vice admission)
Jason H. Ballum, Esq. (pending pro hac vice admission)
SANDS ANDERSON, P.C.
*Attorneys for County School Board of York County, Virginia*
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, VA 23218-1998
Telephone:  (800) 296-1636
dhearn@sandsanderson.com
jballum@sandsanderson.com

3601154.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the above document was served upon all counsel of record by electronic transmission in accordance with the Court's administrative procedures for electronic case filing, on  September 2, 2020:

Dated: September 2, 2020        /s/ Curtis A. Johnson
       Curtis A. Johnson, Esq.

3601154.1