UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.T., Individually and On Behalf Of D.T.; K.M., Individually and On Behalf Of M.M. and S.M.; J.J., Individually and On Behalf Of Z.J.; C.N., Individually and On Behalf Of V.N.; and, All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>BILL de BLASIO, in his official capacity as the Mayor of New York City;  RICHARD CARRANZA, in his official capacity as the Chancellor of New York City Department of Education; the NEW YORK CITY DEPARTMENT OF EDUCATION; the SCHOOL DISTRICTS IN THE UNITED STATES; and, STATE DEPARTMENTS OF EDUCATION IN THE UNITED STATES,<br><br>　　　　　　　　　　　　Defendants. | No. 20 Civ. 5878 (CM) |

## ORDER TO SHOW CAUSE

McMahon, C.J.:

The court has now had time to review the complaint in this action. I entertain serious doubts about numerous procedural aspects of the case, all of which must be resolved before I will even begin to consider any application for preliminary injunctive relief.

The case purports to be brought against every school district in the United States, asserting that all of them are or have violated the Individual with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., by closing schools and requiring students and staff to stay home during the COVID pandemic.

Without the need for motions, the court can identify at least the following potential defects in the pleading:

1. The court harbors considerable doubt that it has jurisdiction over any school district in any state other than New York, where it sits. Therefore, Plaintiffs are ORDERED TO SHOW CAUSE, in a brief of no more than ten double spaced pages, why the complaint should not be dismissed as against all school districts from the other 49 states. I would strongly urge Plaintiffs' counsel to address recent Supreme Court jurisprudence on personal jurisdiction over corporations (school districts are municipal corporations) in that brief, with citations to legal authority – not hortatory arguments – addressing the potential jurisdictional defect. I note that service does not appear to have been made on every school district in the United States (which would require that a copy of the summons and complaint be delivered to each such district in the manner provided for by Fed. R. Civ. P. 4), so the court believes that this issue is best raised *sua sponte* and addressed before any other. I should note that I have reviewed the brief filed in support of Plaintiffs' order to show cause – which, by the way, has never been filed on ECF (it was apparently emailed to the Part I judge) – and the arguments made in that brief for exercising long-arm jurisdiction over the out-of-state school districts and education departments (that they receive federal funding administered through local agencies in New York; that their pension fund and bond investments through New York-based financial institutions constitute "transacting business" in New York for purposes of the long-arm statute; that their failure to provide special education services after receiving federal funds by electronic means somehow violates RICO; and that this "fraudulent" receipt of federal funds also violates the False Claims Act) do not pass what one of my former partners called "the laugh test." They are facially deficient. If Plaintiffs' counsel can do no better than that, the complaint will be dismissed as to all out-of-state Defendants.

2. Many of the school districts in New York State lie in districts other than this one. Plaintiff is ORDERED TO SHOW CAUSE, in a brief of no more than ten double spaced paces, why venue is proper in this district as to any school district located in the Eastern, Western or Northern Districts of New York. Again, legal authority, not hortatory arguments, are imperative – especially as I do not read the complaint to assert that the New York State Department of Education (the only entity in New York having authority over all the districts in the state) has issued any order or directive concerning the statewide implementation or suspension of IDEA during the coronavirus pandemic. In fact, the complaint alleges that the statewide *guidance* from the New York State Education Department Office of Special Education – via an April 27, 2020 memo by Christopher Suriano – stated that school districts are *not* absolved of their responsibilities under the IDEA and "must ensure that, to the greatest extent possible, each student with a disability is provided the special education and related services identified in the student's IEP."

3. Turning finally to the numerous school districts that are located in the Southern District of New York: it has been the experience of this court, in dealing with IDEA litigation over two decades and more, that individual school districts are autonomous entities that make decisions by themselves – not in conjunction with other school districts – concerning the conduct of education in any particular district. The complaint recognizes as much: it alleges that under the IDEA, each school district is the "local education agency" – the official body charged with the responsibility of developing and enforcing policies with respect to the administration and operation of the public

schools in their respective geographic areas, including programs and services for students with disabilities. That being so, it appears that this lawsuit is an attempt to get around paying the filing fee for suing any particular school district for some alleged failure to implement IDEA in an appropriate manner during the pandemic. Certainly no facts are pleaded in the complaint from which this court could conclude that every school district in the Southern District of New York is operating in violation of IDEA – in fact, there are allegations that three Long Island school districts have "reopened" for the purpose of educating disabled students pursuant to their IEPs. Moreover, the very name of the statute – INDIVIDUALS with Disabilities Education Act – suggests that judgments are to be made about individual instances of statutory non-compliance, especially in the absence – except with respect to the New York City Department of Education – of any allegation of district-wide decisions that implicate the education of more than a single student. Therefore, Plaintiffs are ORDERED TO SHOW CAUSE, in a brief of no more than ten double spaced pages, why all Defendants other than the New York City Department of Education should not be severed and the complaint dismissed against them, without prejudice to the institution of individual actions against any district that is allegedly refusing to comply with IDEA during the pandemic.

These briefs are due to be filed with the court no later than Friday, September 11, 2020.

All briefing by any Defendant on Plaintiffs' motion for a preliminary injunction is stayed, except as to the New York City Department of Education, over which the court has undoubted jurisdiction, as to which venue is proper, and as to which any lawsuit is properly filed in the Foley Square courthouse in the Southern District of New York. The City must file its opposition to the preliminary injunction motion and any motions addressed to the sufficiency of the complaint on the schedule previously set by the court.

After Plaintiffs file the briefs required in paragraphs 1-3, the court will consider whether responses are necessary and, if they are, how and from whom they should be obtained.

Plaintiff's counsel should immediate see to it that all papers that have been addressed to any judge of this court are filed on ECF. Failure to remedy this omission will result in sanctions.

Dated: September 2, 2020
      New York, New York

           Chief Judge

BY ECF TO ALL PARTIES