USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2020

**SILVERMAN & ASSOCIATES** | ATTORNEYS AT LAW

September 9, 2020

*[Handwritten note: 9/10/2020 This will be addressed by an appropriate order in due course. Thank you for calling it to my attention.]*

**VIA ECF**

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: J.T. v. de Blasio, No. 1:20-cv-5878 (CM) (S.D.N.Y.)

Dear Judge McMahon:

*MEMO ENDORSED*

We represent approximately ninety-three school district Boards of Education in the Hudson Valley area of New York. It does not appear that any of these school districts have been properly served with process and in accordance with the Court's September 2, 2020 Order (Docket Entry 84), we await the Court's direction on further actions with respect to the plaintiff's Complaint and the Order to Show Cause. We write, however, to advise your Honor of some troubling information of which the Court should be aware.

At least one of our clients, the Eastchester Union Free School District, has received a request for an impartial hearing for one of their students from the plaintiffs' counsel and his organization, the Brain Injury Rights Group. The request for an impartial hearing makes many of the same allegations that are asserted in the Complaint.

Our investigation, however, has revealed that the parent and student identified in the request for an impartial hearing maintain that they did not retain the plaintiffs' counsel or his organization to represent them and did not authorize the service of the request for an impartial hearing upon the Eastchester school district. The parent does recall clicking on the Brain Injury Rights Group's website button to "join the class action lawsuit" and then submitting an online information form regarding the putative class action. We note that the "Appendix of Plaintiffs" filed by the plaintiffs' counsel with the Complaint lists plaintiffs with the same initials as identified in the request for an impartial hearing (student Z.F. and parent C.F.), but alleges that they are living in New York City (Plaintiffs No. 76) and not within the Eastchester school district. It is unclear if Plaintiffs No. 76 are the same individuals identified in the request for an impartial hearing submitted to the Eastchester school district or if they do reside in New York City and coincidentally happen to have the same initials.

We have also learned that three other school districts in Long Island, the Capital Region, and Central New York received similar requests for impartial hearings. In all three of those school districts, the student and parent did not retain the plaintiffs' counsel or his organization to represent them and did not authorize the service of the request for an impartial hearing, but may

have submitted an information form. It is unknown if similar impartial hearing requests were served without approval upon other school districts.

If this information is accurate and the plaintiffs' counsel is in fact serving requests for impartial hearings without authorization from students and parents, it goes without saying that this would be a serious ethical breach. Furthermore, it appears that the service of these requests is merely a strategic measure to make an end run around the defense argument that the plaintiffs failed to exhaust their administrative remedies, thereby depriving the Court of subject matter jurisdiction under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, et seq. ("IDEA").

We bring this information to the Court as officers of the Court. At this juncture, we are not seeking any particular relief, but write merely to advise the Court of the information that has come to our attention.

Thank you for your consideration of this matter.

Respectfully yours,

SILVERMAN & ASSOCIATES

Lewis R. Silverman

LRS/hj
Attachment

cc: All Counsel of Record (**Via ECF**)