# GMH GIARMARCO, MULLINS & HORTON, P.C.
### ATTORNEYS AND COUNSELORS AT LAW

Detroit ▾ Troy ▾ Florida

Direct Dial (248) 457-7020
Facsimile (248) 404-6320
E-Mail: tmullins@gmhlaw.com

| | | | | |
|---|---|---|---|---|
| Salvatore A. Amodeo | Jill A. Duffy | Nina M. Jankowski | Dennis M. Rauss | |
| John A. Anderson | Elizabeth A. Favaro | Alexis F. Johnson | James Y. Rayis | |
| Peter J. Bill | Kara S. Ferrara | Keela P. Johnson | Annabel F. Shea | Of Counsel |
| Michael L. Bosnic | Timothy D. Finegan | Salvatore J. LaMendola | Lauren M. Studley | Lance T. Denha (Florida) |
| Robert A. Bryant | John R. Fleming | Alexander Lebedinski | Paul A. Thursam | David G. Gorcyca |
| Thomas P. Cavanaugh | John J. Giarmarco | Victoria S. Lehman | Jared M. Trust | Albert Taylor Nelson, Jr |
| Kenneth B. Chapie | Julius H. Giarmarco | Adam Levitsky | Geoffrey S. Wagner | Peter J. Sarkesian |
| Anthony K. Chubb | Bruce W. Haffey | John L. Miller | Donald K. Warwick | Lawrence F. Schiller |
| John C. Clark | William H. Heritage, III | Karie Miller | Matthew S. Weaver | |
| George A. Contis | Stephen J. Hitchcock | Timothy J. Mullins | Richard A. Wojewoda | |
| Kellie S. DeVito | William H. Horton | Ryan L. Perry | LeRoy H. Wulfmeier, III | |

September 10, 2020

Hon. Colleen McMahon, C.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     J.T., et al v. de Blasio, et al
        Case No. 20-cv-5878 (CM)(S.D.N.Y.)

Dear Chief Judge McMahon:

My office represents the Michigan Association of School Boards, which is the association of local and intermediate boards of education located throughout the state of Michigan. The MASB's membership is comprised of all public school districts in Michigan.

From our conversations with school districts throughout the state, it does not appear that any school district in Michigan has been properly served in this matter as required by the Federal Rules of Civil Procedure.

We are aware that the Court has issued Plaintiff an Order to Show Cause as to why all school districts outside New York should not be dismissed. (DE # 84) We await the Court's direction on whether any further action is required for school districts outside of New York.

We do, however, share the Court's observations/concerns. I am aware of no school district in Michigan having availed itself of the Court's jurisdiction. "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284; 134 S. Ct. 1115, 1121–22; 188 L Ed 2d 12 (2014). Michigan's public school districts are located entirely within Michigan, and that is where educational services are provided to our students.

I write primarily because I have an ethical obligation to raise a serious issue. As the Court knows, to maintain an IDEA lawsuit, a plaintiff must exhaust administrative remedies as a prerequisite to suit. *Fry v. Napoleon Cmty Sch.*, 137 S. Ct. 743; 197 L. Ed. 2d 46 (2017). In an apparent attempt to backfill one of numerous procedural deficiencies, Plaintiffs' counsel in this action recently filed a Request for an Impartial Due Process Hearing against one of our members (Clarkston Area Schools). When a Request for a Due Process Hearing is filed, the school district contacts the family in an effort to amicably resolve any concerns. When that inquiry was made in this instance, we learned a startling fact: the Brain Injury Rights Group, Ltd. filed this action **without the knowledge, consent or approval of the family**. In fact, the family has advised the school district that it does not want to pursue the complaint that was filed.

If the above is true, which our investigation appears to confirm, Plaintiff's attorney's conduct would be highly unethical. It would also suggest there has been a systemic pattern of similar misconduct. *See* (DE # 110: Letter).

At a time when the Nation is reeling from a global pandemic, and our educators are working hard to provide educational services in a safe environment, it is unfortunate that this lawsuit—which likely violates Fed. Rule C. P. 11—has distracted our school districts from performing their primary mission, educating our children, and at the same time incurring unnecessary expenses when our educational budgets are stretched beyond the breaking point.

I felt I had an obligation to bring the above to the Court's attention.

Very truly yours,

GIARMARCO, MULLINS & HORTON, P.C.

TIMOTHY J. MULLINS

TJM/eab