UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

**J.T.**, Individually and on behalf of D.T.;
**K.M.**, Individually and on behalf of M.M. and S.M.;
**J.J.**, Individually and on behalf of Z.J.;
**C.N.**, Individually and on behalf of V.N.; and,
All Others Similarly Situated,

<div style="text-align:center">Plaintiffs,</div>                    **20-cv-5878 (CM)**

-    against -

**BILL de BLASIO**, in his official capacity as the
Mayor of New York City; **RICHARD CARRANZA**,
in his official capacity as the Chancellor of the New
York City Department of Education; the **NEW YORK
CITY DEPARTMENT OF EDUCATION**; the **SCHOOL
DISTRICTS IN THE UNITED STATES**; and the
**STATE DEPARTMENTS OF EDUCATION IN THE
UNITED STATES,**

<div style="text-align:center">Defendants.</div>

-----------------------------------------------------------------------x

<div style="text-align:center">

**<u>MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE</u>**

**<u>THAT DEMONSTRATES VENUE IN S.D.N.Y. IS PROPER FOR ALL DEFENDANT</u>**

**<u>SCHOOL DISTRICTS LOCATED IN NEW YORK STATE</u>**

</div>

Peter G. Albert, Esq.
Brain Injury Rights Group, Ltd.
Attorneys for Plaintiffs
300 East 95th Street – Suite 130
New York, New York 10128
(646) 850-5035

## Table of Contents

PRELIMINARY STATEMENT ……………………………………………………… 4

STATEMENT OF FACTS ……………………………………………………… 4

ARGUMENT ……………………………………………………………… 8

      VENUE IN THIS JUDICIAL DISTRICT IS PROPER
      FOR ALL DEFENDANT SCHOOL DISTRICTS LOCATED IN
      NEW YORK STATE ……………………………………………………… 8

CONCLUSION ………………………………………………………………… 10

## Table of Cases & Authorities

*A.A., et al. v. Board of Education, Central Islip U.F.S.D., et al.*,
225 F. Supp.2d 119 (E.D.N.Y. 2003)……………………………………………… 10

*Avaras v. Clarkstown Cent. Sch. Dist.*, 2018 U.S. Dist. LEXIS 177107,
2018 WL 4964230 (S.D.N.Y. Oct. 15, 2018) ……………………………………10

*Doe v. E. Lyme Bd. Of Educ.*, 790 F.3d 440, 445 (2d Cir. 2015)……………………. 8

*Engwiller v. Pine Plains C.S.D.*, 110 F. Supp.2d 236 (S.D.N.Y. 2000)…………10

*F.S. v. District of Columbia*, 2007 U.S. Dist. LEXIS 27520 (D.D.C. 2007).. . . . . . . . 7

*Honig v. Doe*,  484 U.S. 305, 313 (1988) ……………………………………………… 6

*Knight v. District of Columbia*, 877 F.2d 1025, 1028 (D.C. Cir. 1989)……………… 7

*McKenzie v. Smith*, 771 F.2d 1527-33 (D.C. Cir. 1985) ……………………………… 7

*Pilates, Inc. v. Pilates Inst.*, 891 F. Supp. 175 (S.D.N.Y. 1995)……………………….. 9


18 § U.S.C. 1964(a), Racketeer Influenced and Corrupt Organization Act ("RICO")… 8 - 10

20 U.S.C. §1400, et seq. ("IDEA") …………………………………………………. passim

34 C.F.R. §300.106 ………………………………………………………………… 6

Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA") ………. 8 - 9

8 N.Y.C.R.R. §200.2… ……………………………………………………………10

8 N.Y.C.R.R. §200.21……………………………………………………………10

N.Y. CPLR §302(a)……………………………………………………………… 8

## PRELIMINARY STATEMENT

This memorandum of law is submitted in response to Your Honor's Order to Show Cause, dated September 2, 2020 (Dkt. Entry No. 84), to demonstrate whether venue in this Judicial District is proper for all Defendant School Districts located in New York State. For the reasons set forth below, it is respectfully submitted that venue is proper in the Southern District of New York for all Defendant School Districts located in New York State.

## STATEMENT OF FACTS

This action was brought by PLAINTIFFS (*See* Appendix A of Complaint, Dkt. Entry No. 1), who are parents and/or natural guardians ("Plaintiff-Parent") of students classified under federal law as disabled and having an educational disability, and the Students themselves ("Plaintiff-Student"), on their own behalf and on the behalf of all others similarly situated against Defendants BILL de BLASIO, in his official capacity as the Mayor of New York City, RICHARD CARRANZA, in his official capacity as the Chancellor of New York City Department of Education, the NEW YORK CITY DEPARTMENT OF EDUCATION, the SCHOOL DISTRICTS IN THE UNITED STATES (*See* Appendix B of Complaint, Dkt. Entry No. 1), and the STATE DEPARTMENTS OF EDUCATION IN THE UNITED STATES (*See* Appendix C of Complaint, Dkt. Entry No. 1) (collectively "Defendants").

As the novel coronavirus ("Covid 19") began spreading across the United States during the month of March 2020, state Governors around the nation directed Defendant School Districts to unilaterally close school buildings and required all students and school staff to remain home. (*See* Pars. 6 and 7, Complaint Dkt. Entry No. 1). In-person instruction was changed to "remote learning," if any. (*See* Par. 7, Complaint, Dkt. Entry No. 1).

Defendant State Education Departments ("SEDs") throughout the United States began issuing guidance to school districts (a/k/a local educational agencies or "LEAs") within their states,

about how to provide educational services to students during the coronavirus shutdown. (*See* Par. 12, Complaint, Dkt. Entry No. 1).

Despite requests from school districts and state education departments across the country, the Secretary of Education of the United States Department of Education ("USDOE") refused to grant waivers from the requirements of the federal Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA") from providing disabled students with a FAPE ("free appropriate public education") or from the IDEA's procedural requirements during the coronavirus crisis.[1] While the USDOE provided flexibility in the provision of educational services during the coronavirus crisis, there has been no change in relevant federal or state education law.

On March 12, 2020, the USDOE offered guidance to Defendants reinforcing the Plaintiffs' rights during the coronavirus crisis.  ("[S]chools must ensure that, to the greatest extent possible, each student with a disability can be provided the special education and related services identified in the student's individualized education program ("IEP") developed under the IDEA, or a plan developed under Section 504.").[2] And, on March 21, 2020, USDOE reinforced that guidance.[3]

On April 27, 2020, the USDOE presented a Report to Congress from USDOE Secretary Betsy DeVos which specifically did not recommend giving school districts the option to bypass major parts of federal special education law.[4]  "While the Department has provided extensive

---

[1]    https://edsource.org/2020/disability-rights-groups-school-administrators-spar-over-possible-changes-to-special-education-laws/628376
[2] March 12, 2020, Fact Sheet by USDOE: https://www.isbe.net/Documents/qa-covid-19-03-12-2020.pdf
[3]    March    21,    2020,    Supplemental    Fact    Sheet    by    USDOE: https://www2.ed.gov/about/offices/list/ocr/frontpage/faq/rr/policyguidance/Supple%20Fact%20Sheet%203.21.20%20FINAL.pdf
[4]                                                          https://www2.ed.gov/documents/coronavirus/cares-waiver-report.pdf?utm_content=&utm_medium=email&utm_name=&utm_source=govdelivery&utm_term=

flexibility to help schools transition, there is no reason for Congress to waive any provision designed to keep students learning."[5]

Starting in July 2020, Governors around the country rescinded their executive orders and allowed school buildings to reopen for extended school year ("ESY") special education students, as defined by 34 C.F.R. § 300.106. (*See* Par. 16, Complaint, Dkt. Entry No. 1).

School districts throughout the United States were aware they were not in compliance of the IDEA, Section 504 or the ADA.  Defendants knowingly, willfully and deliberately violated the rights of Plaintiff-Students and Plaintiff-Parents by acting in bad faith.  (*See* Par. 17-25, Complaint Dkt. Entry No. 1). The Defendants unilaterally closed its schools and required students and staff to remain home, thereby altering the status quo of the educational programs of the Plaintiff-Students.   The Defendants essentially failed to provide Plaintiff-Students with the special education and related services set forth in their IEPs.   In this regard, and due to the actions of Defendants, they denied Plaintiffs pendency rights under IDEA, blatantly disregarded procedural safeguards, and simply failed to comply with long-established federal laws and regulations.

First, the Defendants unilaterally, substantially, and materially altered the location of where the Plaintiff-Students were to receive services: from a school classroom to the most restrictive environment along the continuum of services, the Plaintiff-Students' home.  A unilateral change from a classroom to total isolation at home, was also violative of the requirement to educate disabled students in the "least restrictive environment." *Honig v. Doe*,  484 U.S. 305, 313 (1988).

Second, the Defendants unilaterally, substantially, and materially altered the delivery of these services by precluding the Plaintiff-Students from receiving any in-person services by special education teachers or related service providers, as required by the Plaintiff-Students' IEPs.

---

[5]        https://www.ed.gov/news/press-releases/secretary-devos-reiterates-learning-must-continue-all-students-declines-seek-congressional-waivers-fape-lre-requirements-idea

Third, no Plaintiff-Students' IEP provides for the remote provision of special education or related services.  Rather, the Plaintiff-Students' IEPs require these services to be provided as a direct service to the Plaintiff-Students. In most instances, Defendants also altered the frequency and duration of Plaintiff-Students' related services, if they provided them at all.

There is no "pandemic exception" to the IDEA and if a student's educational program becomes unavailable, then the school district must find a comparable alternative placement. See *Knight v. District of Columbia*, 278 U.S. App. D.C. 237, 877 F.2d 1025, 1028 (D.C. Cir. 1989). When a student's educational program becomes unavailable, the stay-put provision requires that a similar program be found for the student. *See McKenzie v. Smith*, 771 F.2d 1527-33 (D.C. Cir. 1985); *F.S. v. District of Columbia*, 2007 U.S. Dist. LEXIS 27520 (D.D.C. 2007).

Plaintiffs disagree that Governors' school closure orders supersede federal laws (i.e., IDEA, Section 504, ADA) protecting the rights of Plaintiff-Students. Nevertheless, this is no longer a legal issue since Governors have rescinded those orders relating to special education students as of July 2020. (*See* Appendix D of Complaint, Dkt. Entry No. 1).

As a result of the violations committed by the Defendants, Plaintiff-Parents seek independent evaluations for the purpose of determining the extent to which the Plaintiff-Students exhibit regression and/or loss of competencies and abilities due to the loss of, or substantial change to, the Plaintiff-Students' educational program.  Additionally, Plaintiff-Parents seek to have their respective LEAs' Committee on Special Education promptly convene after the completion of the requested independent evaluations for the purpose of ascertaining the Plaintiff-Students' current needs and abilities to develop modified IEPs reflecting the loss or substantial and material alterations of Plaintiff-Students' special education and/or related services. Further, and as a result of the gross violations committed by the Defendants, Plaintiff-Parents seek compensatory damages

from their respective LEAs. Compensatory education is an award of educational services designed to remedy a deprivation in the child's education. *Doe v. E. Lyme Bd. Of Educ.*, 790 F.3d 440, 445 (2d Cir. 2015).

Due to the deliberate indifference, intentional and willful actions of the Defendants, Plaintiff-Parents were required to "fill in" and compensate for the failure of their school district (LEA) and either lost income, incurred out-of-pocket expenses, and/or experienced loss of employment. Accordingly, Plaintiff-Parents seek compensatory damages and punitive damages.

Pursuant to the IDEA, Plaintiff-Parents sent statutory Ten Day notices to their respective LEAs advising that the LEA improperly modified Plaintiff-Students' IEPs, denied their pendency rights under Section 1415(j) of the IDEA, and requesting relief for such violations.

Pursuant to the IDEA, Plaintiff-Parents filed due process complaints with their LEAs alleging violations of the IDEA and Section 504 by unilaterally modifying the Plaintiff-Students' IEPs and failing to maintain their pendency programs and placements.

## POINT I

## VENUE IN THE SOUTHERN DISTRICT OF NEW YORK IS PROPER FOR ALL DEFENDANT SCHOOL DISTRICTS LOCATED IN NEW YORK STATE

As stated in Plaintiffs' memorandum of law entitled "Memorandum of Law in Opposition to Order to Show Cause to Dismiss Complaint against School Districts not Located within New York State," this Court has both subject matter jurisdiction and personal jurisdiction over all Defendant School Districts. Such jurisdiction is premised on federal claims (IDEA, Section 504 and ADA), a putative class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA") (28 U.S.C. §1332(d)(2)), and by virtue of the presence of some of the Defendants in this district or long-arm jurisdiction over all others. *See* N.Y. CPLR §302(a).

Also, upon information and belief, having received federal funds by electronic means and having failed to provide or supervise the provision of special education and related services to disabled students in various school districts across the country with the services required by their IEPs, all Defendants are subject to the personal jurisdiction of this Court based on their violations of the civil section of the Racketeer Influenced and Corrupt Organization Act ("RICO"). *See* 18 U.S.C. §1964(a). Specifically, Defendants' actions which caused, *inter alia*, the filing of fraudulent claims, which violated 18 U.S.C. §1341 (mail fraud) and §1343 (wire fraud), warrant a finding of jurisdiction. *See* Civil RICO Statement filed herein.

The general federal venue statute, 28 U.S.C. §1391, provides in relevant part, that "a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in … (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…." Most courts that have addressed this language have held that venue may be proper in more than one district. *See Pilates, Inc. v. Pilates Inst.*, 891 F. Supp. 175 (S.D.N.Y. 1995).

In the instant case, it is alleged that Defendant School Districts, located throughout New York State, engaged in actions violative of the IDEA, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Americans with Disabilities Act ("ADA"). All Defendant School Districts in New York State are subject to the supervision and oversight of the New York State Education Department ("NYSED"), and obeyed closure orders issued by the Governor of the State of New York. In this regard, it is noted that both supervisory entities maintain business offices and operations within this judicial district.

Pursuant to the IDEA, NYSED, a Defendant State Department of Education herein, has specific oversight of special education programs for all local school districts throughout

New York State.  *See* 20 U.S.C. §1412(a); *see also A.A., et al. v. Board of Education, Central Islip U.F.S.D., et al.*, 225 F. Supp.2d 119 (E.D.N.Y. 2003).  NYSED's regulations illustrate this authority.

For example, 8 N.Y.C.R.R. §200.2(c) requires school districts, which receive state funding for eligible students with disabilities, to develop and maintain a plan for special education programs and services.  This comprehensive plan is subject to review and approval by the Commissioner of Education, the head of NYSED.

The NYSED and the Commissioner of Education also have a significant role in the administration of due process proceedings as it relates to the regulation of Impartial Hearing Officers ("IHO").  8 N.Y.C.R.R. §200.21 of the SED's Commissioner's Regulations provides that the Commissioner, as the head of NYSED, has the authority to investigate complaints filed against an IHO.  *See Application of the N.Y.C. Dept. of Education*, SRO Appeal No. 17-009 (2017).  Moreover, the Regulations authorize the Commissioner to issue a warning letter or order corrective actions against an IHO whose conduct constitutes misconduct or incompetence.  And significantly, the Commissioner may revoke or suspend an IHO's certification upon finding, by the Commissioner or an SRO, that an IHO engaged in misconduct or incompetence.  *See* 8 N.Y.C.R.R. §200.21(b).  An IHO's failure to comply with regulations may subject the offending IHO to disciplinary charges brought by the Commissioner, as the head of NYSED.  *See* 8 N.Y.C.R.R. §200.21(b)(4).

Disciplinary action by NYSED is more than hollow words:  it has been previously invoked and found appropriate in this jurisdiction.  *See, e.g., Engwiller v. Pine Plains C.S.D.*, 110 F. Supp.2d 236 (S.D.N.Y. 2000) (NYSED's failure to take effective actions to ensure a timely decision constituted a violation of the IDEA's due process requirements.).  *See also Avaras v. Clarkstown Cent. Sch. Dist.*, 2018 U.S. Dist. LEXIS 177107; 2018 WL 4964230

(S.D.N.Y. Oct. 15, 2018) (specific allegations of violations of federal and state law by NYSED that may have led to procedural deficiencies at the district, IHO, or SRO levels were required to maintain a suit against SED).

Here, Plaintiffs have alleged violations of IDEA, Section 504, and the ADA, as well as state law, that have led to procedural deficiencies at the impartial hearing level that have infringed on student's and parent's rights. Since Defendant School Districts located in New York State must comply with NYSED rules and regulations, then venue for all New York State School Districts is proper in Southern District - - the proper venue for claims against NYSED.

Alternatively, it is respectfully requested that this Court stay its determination of the appropriateness of venue herein until after a determination is made respecting class certification.

## **CONCLUSION**

In light of the foregoing, Plaintiffs respectfully request that this Court issue an order that venue for all Defendant Schools Districts located in New York State is proper in the Southern District.

Dated:  New York, New York
            September 11, 2020

<div style="margin-left: 50%;">

Respectfully submitted,
/S: Peter G. Albert /
Peter G. Albert, Esq.
Brain Injury Rights Group, Ltd.
300 East 95th Street - Suite 130
New York, New York 10128
(646) 850-5035

</div>