**BRAIN INJURY RIGHTS GROUP, LTD.**
**300 EAST 95th STREET - SUITE 130**
**NEW YORK, NEW YORK 10128**

**VIA ECF**

September 16, 2020

Hon. Colleen McMahon, C.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

                              Re:    **J.T., et al. v. Bill de Blasio, et al.**
                                          **Case No. 20-cv-5878 (CM)**

Dear Chief Judge McMahon:

      I am counsel for Plaintiffs in the above-referenced action. This letter is sent as a preliminary response to Your Honor's Order to Show Cause, issued September 14, 2020 (ECF Dkt. Entry #128), and to request permission to amend Plaintiffs' complaint filed herein. Plaintiffs will fully respond to said Order to Show Cause on or before the September 18, 2020.

      Initially, I note that I was admitted to practice law in New York State (Third Judicial Department) in August 1985, and before this Court in October 1989. The serious accusations raised by counsel for some Defendants are indeed troublesome in several respects. Professional ethics and civility aside, it is offered that certain Defendants' counsel should conduct a thorough review before indiscriminately leveling such claims.

      In general, New York State Court Rule Part 1215, codified at 22 N.Y.C.R.R. §1215, requires an attorney to provide a client with a "letter of engagement" (which may include a "retainer agreement") in connection with that attorney's representation of the client for a fee. Although Rule 1215 excludes this requirement when the fee is expected to be less than $3,000.00, "best practices" warrant the provision of an engagement letter or retainer agreement for all representations.

      The Brain Injury Rights Group commenced the putative class action herein on a "pro bono" basis. No legal fees or charges were made against any prospective plaintiff. Nevertheless, each prospective plaintiff was required to first review and execute a retainer agreement for legal services to be provided in connection with our group's representation of the plaintiffs' claim. In this regard, and contrary to the accusations raised by certain Defendants' counsel herein, we are in possession of executed retainer agreements for the Plaintiff from Eastchester, New York, the Plaintiff from the Clarkson Area Schools in Michigan, and the Plaintiff from the Leander Independent School

District in Texas. Upon motion, these documents will be filed "under seal" to protect the Plaintiffs' privacy. We request that any future allegations of professional misconduct be subject to closer scrutiny.

Please note that we are in the process of compiling approximately 300 virtually identical retainer agreements, executed by all Plaintiffs who we represented, and these agreements will be annexed to our response to Your Honor's Order to Show Cause.

This letter also seeks permission from this Court to amend the Complaint in three (3) respects. First, Plaintiffs seek to amend the Complaint to delete some existing plaintiffs and add others. A few Plaintiffs have elected to be removed from this matter and/or have received favorable outcomes for their disabled children as a result of our representation.  And, approximately one-hundred additional parents now seek to join the putative class in this matter.  Second, the list of Defendant School Districts has been updated and we request to substitute the updated list for the original list. All such Defendant School Districts have been served with a copy of the summons and complaint. (ECF Dkt. Entry #109). Third, on Friday, September 11, 2020, Plaintiffs' filed their Civil RICO Statement herein. (ECF Dkt. Entry #121). Accordingly, Plaintiffs seek permission to amend the Complaint to include their Civil RICO claims.

Thank you for your consideration of this matter.

Respectfully submitted,

/S: Peter G. Albert /

Peter G. Albert

cc: All Counsel (via ECF)