# EXHIBIT A

**VIA EMAIL & REGULAR MAIL**

August 27, 2020

Marianne Litzman
Hicksville Union Free School District, Hicksville, NY
200 Division Avenue,
Hicksville, NY 11801

**EMAIL: mlitzman@hicksvillepublicschool.org**

|  |  |
|---|---|
| **Student:** | M███████ |
| **DOB:** | ███████ |
| **Address:** | ███████████████████████████ |
| **Parent(s)/Guardian(s):** | D███ R███ |

**REQUEST FOR IMPARTIAL HEARING**

TO WHOM IT MAY CONCERN:

The Brain Injury Rights Group, Ltd., and Patrick Donohue Law Firm, PLLC, collectively "Counsel", represents the above-mentioned student ("Student") and parent(s)/guardian(s) ("Parent"), collectively "Clients", in matters pertaining to the classification, program, placement and implementation of special education and related services for the Student.

On behalf of our Clients, we are requesting an impartial hearing pursuant to Section 1415 of the federal Individuals with Disabilities Education Act ("IDEA") due to the failure of the School District to provide a Free Appropriate Public Education ("FAPE") for the Student by failing to implement the Student's educational program as established in the Student's last agreed upon Individualized Education Program ("IEP"). Additionally, the Parent asserts a claim pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, et seq., based on the School District's failure to provide the Student with a FAPE by unilaterally modifying the Student's IEP. The Parent also requests the Impartial Hearing be open to the public pursuant to 34 C.F.R. §300.512(c).

As of mid-March 2020, the School District has unilaterally, substantially, and materially altered the Student's "status quo" educational program as it relates to the Student's pendency rights. First, the School District substantially and materially altered the location of where the Student was to receive services, from a school classroom to the most restrictive setting: at the Student's home. Second, the School District substantially and materially altered the delivery of these services by precluding the Student from receiving in-person services by a special education teacher or related service providers, including any supplemental support as documented in the Student's IEP. Third, since none of these services are directed to be provided remotely in the Student's IEP, these services were to be provided as a direct service to the Student. Fourth, such substantial and material alterations were implemented without proper notice to the Parent. Pursuant to the IDEA and its regulations, such alterations constitute an improper change in the Student's educational program and placement.

While the United States Department of Education ("USDOE") and several state education departments have provided flexibility in the provision of educational services during the coronavirus crisis, there has been no change in federal or state law for the continuation of special education and related services.

On April 27, 2020, the USDOE presented a Report to Congress from Education Secretary Betsy DeVos which specifically did NOT recommend giving school districts the option to bypass major parts of federal special education law. "While the Department has provided extensive flexibility to help schools transition, there is no reason for

Congress to waive any provision designed to keep students learning," Education Secretary Betsy DeVos said in a statement.

The "stay put" or pendency provision of the IDEA, codified at 20 U.S.C. §1415(j), provides for a mandatory injunction, requiring the School District to fund the Student's "pendency placement" until the complaint is fully adjudicated and a final judgment is reached on the merits of the Due Process Complaint ("DPC").  In this case, the School District has violated the Student's pendency rights and the Parent is requesting immediate relief.

In addition, due to the failure of the School District to provide a FAPE since mid-March 2020, the Parent respectfully requests an extensive independent evaluation of the Student to determine the need for compensatory services as well as any appropriate changes to the Student's educational program and placement.  After the extensive independent evaluation has been completed, the Parent is requesting the School District promptly conduct a new Committee on Special Education/IEP Meeting to review the updated evaluation and make any appropriate changes to the Student's IEP.

Based on the information and documentation available at this time, the Parent proposes the following items as a solution to these concerns:

186. Parent requests the duly-selected Impartial Hearing Officer ("IHO") to issue an interim order requiring the School District to immediately implement the last agreed upon IEP by reopening the Student's school, or in the alternative, issue an interim order allowing the Parent to self-cure the unilateral change in the Student's status quo educational program and placement by the School District to best of their abilities;

187. Parent requests the IHO to issue an interim order for the School District to conduct an extensive independent evaluation of the Student to evaluate what, if any, changes need to be made to the Student's IEP;

188. Parent requests the IHO to issue an interim order that the School District has denied the Student a FAPE and determine appropriate compensatory services due to the denial of FAPE;

189. The School District shall pay the Parent's attorney's fees and expenses associated with representation in this matter; and,

190. Any other relief the IHO deems appropriate to remedy the School District's denial of FAPE.

Respectfully Submitted,

  /S: Peter G. Albert/                                   /S: Patrick Donohue/

| | |
|---|---|
| Peter G. Albert | Patrick Donohue |
| Counsel for Parent | Counsel for Parent |
| Brain Injury Rights Group, Ltd. | Patrick Donohue Law Firm PLLC |

cc:   State Education Department

**BRAIN INJURY RIGHTS GROUP, LTD.**

300 EAST 95ᵀᴴ STREET, SUITE 130
NEW YORK, NEW YORK 10128

**VIA ELECTRONIC & REGULAR MAIL**

August 27, 2020

Marianne Litzman
Hicksville Union Free School District, Hicksville, NY
200 Division Avenue,
Hicksville, NY 11801

**EMAIL: mlitzman@hicksvillepublicschool.org**

**Student:**        M▉▉▉▉▉▉
**DOB:**             ▉▉▉▉▉
**Address:**        ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
**Parent(s)/Guardian(s):**    D▉▉▉  R▉▉▉

TO WHOM IT MAY CONCERN:

The Brain Injury Rights Group, Ltd., and Patrick Donohue Law Firm, PLLC, collectively "Counsel", represents the above-mention student ("Student") and parent(s)/guardian(s) ("Parent"), collectively "Clients", in matters pertaining to the classification, program, placement and implementation of special education and related services for the Student.

On behalf of our Clients, we are providing 10 days' notice to the Student's local educational agency ("School District" or "LEA") of the Parent's intention to unilaterally self-cure the failure of the School District to provide a Free Appropriate Public Education ("FAPE") for the Student if the School District does not begin implementing the Student's educational program immediately as established in the Student's Individualized Education Program ("IEP").

As of mid-March 2020, the School District has unilaterally, substantially, and materially altered the Student's "status quo" educational program as it relates to the Student's pendency rights.  First, the School District unilaterally, substantially, and materially altered the location of where the Student was to receive the educational program, from a school classroom to the most restrictive setting: at the Student's home.  Second, the School District unilaterally, substantially, and materially altered the delivery of these services by precluding the Student from receiving any in-person services by a special education teacher or related service provider, including any supplemental support as documented in the Student's IEP.  Third, since none of these services are directed to be provided remotely in the Student's IEP, these services were to be provided as a direct service to the Student. Such modifications and alterations to the Student's IEP constitute an improper change in the Student's educational program.

While the United States Department of Education ("USDOE") and various state education departments have provided great flexibility in the provision of educational services during the coronavirus crisis, there has been no change in federal or state law.

On April 27, 2020, the USDOE presented a Report to Congress from Education Secretary Betsy DeVos which specifically did NOT recommend giving school districts the option to bypass major parts of federal special education law.  "While the Department has provided extensive flexibility to help schools transition, there is no reason for Congress to waive any provision designed to keep students learning," Education Secretary Betsy DeVos said in a statement.

State education department officials have opined that school districts are NOT absolved of their responsibilities under the IDEA and "must ensure that, to the greatest extent possible, each student with a disability is provided the special education and related services identified in the student's IEP."

The "stay put" or pendency provision of the IDEA, codified at 20 U.S.C. §1415(j), provides for a mandatory injunction, requiring the School District to fund the Student's "pendency placement" until a final judgment is reached on the merits of the Due Process Complaint ("DPC").

In addition, the Parent respectfully demands an extensive independent evaluation of the Student immediately to determine compensatory services as well as any appropriate changes to the Student's educational program due to the failure of the School District to provide a FAPE since mid-March 2020. Once the extensive independent evaluation has been completed, the Parent is requesting the School District's Committee on Special Education ("CSE") to immediately reconvene a new IEP Meeting to review the updated evaluation and make any appropriate changes to the Student's IEP.

Very truly yours,
/ S: William Frazier /
William Frazier, Esq.
Chief of Staff, Brain Injury Rights Group, Ltd.