UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
**J.T.**, Individually and on behalf of D.T.;
**K.M.**, Individually and on behalf of M.M. and S.M.;
**J.J.,** Individually and on behalf of Z.J.;
**C.N.**, Individually and on behalf of V.N.; and,
All Others Similarly Situated,

                    Plaintiffs,

- **against -**

**BILL de BLASIO**, in his official capacity as the Mayor of New York City;
**RICHARD CARRANZA**, in his official capacity as the Chancellor of the New York City Department of Education; the **NEW YORK CITY DEPARTMENT OF EDUCATION;** the **SCHOOL DISTRICTS IN THE UNITED STATES**; and, the **STATE DEPARTMENTS OF EDUCATION IN THE UNITED STATES**,

                    Defendants.
-------------------------------------------------------------------x

**CASE NO.: 20 – cv – 5878 (CM)**

**DECLARATION OF PETER G. ALBERT IN RESPONSE TO ORDER TO SHOW CAUSE**

Peter G. Albert, an attorney admitted to practice law in the State of New York and before this Court, declares under penalties of perjury as follows:

1. By Complaint dated July 27, 2020 (ECF Dkt. Entry #1), Plaintiffs, by and through counsel, commenced the instant action alleging violations of the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), Section 504 of the Federal Rehabilitation Act, 29 U.S.C. §794, et seq. ("Section 504"), Title II of the Americans with Disability Act, 42 U.S.C. §12101, et seq. ("ADA"), the Civil Rights Act, 42 U.S.C. §1983, as well as state law and constitutions.

2. The gravamen of the Complaint concerns the improper unilateral modification and/or denial of special education and related services of disabled students since mid-March 2020, when schools were closed by state and local officials in response to the COVID-19 pandemic.

3. Plaintiff-Parents, from multiple states throughout the United States, sought to join the putative class action seeking to remedy this deprivation of special education and related services. And, in this regard, parents who sought to join the putative class action were requested to first execute a "retainer agreement" setting forth the parameters, rights, and obligations of both counsel and client. Such "retainer agreements" were required internally, notwithstanding the fact that counsel was representing all Plaintiff-Parents on a "pro bono" basis.

4. Between June 1, 2020 and September 14, 2020, approximately 300 parents executed "retainer agreements" authorizing counsel to pursue remedies for the violation the Parents' and Students' educational, civil, and other statutory rights.

5. Between June 1, 2020 and September 14, 2020, counsel filed 199 administrative due process complaints on behalf of Plaintiff-Parents. As ordered by this Court, annexed hereto as Exhibit "A" is a list of impartial due process hearings commenced on behalf of putative class members.

6. With respect to the 199 impartial due process hearings requested on behalf of putative class members, and as ordered by this Court, annexed hereto as Exhibit "B" are 199 executed "retainer agreements" corresponding to the impartial due process hearing requests. Some "retainer agreements" were executed by parents for more than one (1) child. It is noted that in one instance, because of a delay in receiving a "retainer agreement," an impartial due process hearing was requested without an executed "retainer agreement" - - however, that Parent withdrew from

the action shortly after the impartial hearing request was made. It is also noted that the attached "retainer agreements" include three (3) executed "retainer agreements" which various Defendants' counsel erroneously have claimed did not exist.

7. Additional impartial hearing requests will be commenced on behalf of putative class members who have provided counsel with executed "retainer agreements."

8. Accordingly, and for the foregoing reasons, it is respectfully submitted that this submission fully complies with this Court's Order to Show Cause and warrants no further action.

Dated: New York, New York
September 18, 2020

Respectfully submitted,

/ s: Peter Albert /

Peter Albert, Esq.
Brain Injury Rights Group, Ltd.
300 East 95th – Suite 130
New York, New York 10128
(646) 850-5035