**BRAIN INJURY RIGHTS GROUP, LTD.**
300 East 95th Street - Suite 130
New York, New York 10128

**VIA ECF**

September 27, 2020

Hon. Colleen McMahon, C.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re: **J.T., et al. v, de Blasio, et al.**
         **Case No. 20 – cv – 5878 (CM)**

Dear Chief Judge McMahon:

  I am counsel for the Plaintiffs in the above-referenced action. This letter is sent in response to a letter, dated September 25, 2020, submitted by counsel for a Defendant School District (Bristol Board of Education) in this matter. (Dkt. Entry #146).

  It is with great remorse that I advise Your Honor that on September 17, 2020, an administrative due process hearing complaint was sent to the Bristol Board of Education ("Bristol") on behalf of a parent ("A.P.") and her disabled child ("J.P."). The letter was sent by an administrative employee of the Brain Injury Rights Group ("BIRG") without my knowledge, consent or direction. Upon our realizing that the due process request was sent in error, and with the consent of the parent, we immediately withdrew the request on September 18, 2020. I have personally taken action to ensure that no additional due process requests are submitted on behalf of any retained parent until such time as BIRG's retainer agreements are revised to fully comply with 22 N.Y.C.R.R. §1215. It is noted that the parent in this matter had in fact executed a retainer agreement in July. In this regard, and pursuant to Your Honor's Order dated September 14, 2020 (Dkt. Entry #128), our office has drafted a modified retainer agreement and we are currently in the process of sending it to all pre-existing clients, and to all newly retained clients, for use going forward.

  Counsel for Bristol also incorrectly claims that Plaintiffs' counsel has not complied with Connecticut State regulations regarding due process proceedings. Regulations of Connecticut State Agencies Section 10-76h-3(a), in relevant part, specifically permits an individual, acting in the capacity as an advocate on behalf of a parent, to request a hearing regarding a school district's

1

failure to provide a "free appropriate public education" ("FAPE") to the child. An attorney who is not admitted to the bar of the State of Connecticut may not act as the primary attorney at the actual due process hearing. In this regard, BIRG has simply filed due process requests on behalf of parents and, pursuant to the retainer agreements, will obtain "local" counsel to serve as the co-counsel. No attorney from BIRG has represented any client at a Connecticut due process hearing, and none will do so absent serving with locally-admitted co-counsel.

Respectfully submitted,

/s: Peter G. Albert/

Peter G. Albert, Esq.

cc: All Counsel (via ECF)