UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

J.T., Individually and On Behalf Of D.T.;
K.M., Individually and On Behalf Of M.M. and S.M.;
J.J., Individually and On Behalf Of Z.J.;
C.N., Individually and On Behalf Of V.N.;
and, All Others Similarly Situated,

           Plaintiffs,

  -against-                                      20 Civ. 5878 (CM)

BILL de BLASIO, et al.,

           Defendants.

_____x

## ORDER DIRECTING FURTHER RESPONSE

McMahon, C.J.:

      On September 16, the plaintiffs asked the Court for leave to file an amended complaint asserting a claim against every school district in the United States under the Racketeering Influence and Corruption Act (RICO), 18 U.S.C. §§ 1961-1968. (Dkt. No. 133.) The Court denied permission because motions to dismiss had been filed and the Court had issued several orders to show cause – all of which I wanted to get out of the way before we discussed any possible amendment of the complaint. (Dkt. No. 145.) However, at the time they made the motion, the plaintiffs had apparently raised the issue of a possible RICO claim orally (or in an email) with the Part I judge; and had filed a RICO case statement (Dkt. No. 121), though not an amended complaint. The City of New York – aware that this Court deems the RICO case statement to be incorporated into the complaint for purposes of a motion to dismiss (RICO Case Standing Order, McMahon, C.J.) – has raised in its Reply Brief in support of its motion to dismiss the sufficiency of any RICO claim that might be asserted in conformity with that RICO case statement. (Dkt. No. 157 at 7-9.)

      When an issue is addressed for the first time in a reply brief, the appropriate course of action is either to ignore it or to give the plaintiff an opportunity to address it before ruling thereon. *Sacchi v. Verizon Online LLC*, No. 14-CV-423 RA, 2015 WL 1729796, at *1 n.1 (S.D.N.Y. Apr. 14, 2015). Whether the plaintiffs have a viable RICO claim may affect whether the complaint can or should be dismissed as to most defendants for want of personal jurisdiction. I will, therefore, give the plaintiffs seven business days, or until October 29, 2020, to address the sufficiency of the

RICO claim they wish to add to the complaint and that they outlined in the RICO case statement. If there is some reason to obtain further argument from the City of New York, I will ask for it after I see the plaintiffs' papers.

Dated: New York, New York
      October 19, 2020

                                                Chief Judge

BY ECF TO ALL COUNSEL