Case 1:20-cv-05878-CM Document 74-1 Filed 10/07/22 Page 1 of 15

MANDATE

20-4128
*K.M. v. Adams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand twenty-two.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

K.M., individually and on behalf of M.M. and S.M. and all others similarly situated, C.N., individually and on behalf of V.N. and all others similarly situated, J.J., individually and on behalf of Z.J. and all others similarly situated,

        *Plaintiffs-Appellants*,

J.T., individually and on behalf of D.T. and all others similarly situated,

        *Plaintiff*,

        v.                                        No. 20-4128

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 07 2022

MANDATE ISSUED ON 10/07/2022

ERIC ADAMS, in his official capacity as Mayor of New York City, DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK STATE DEPARTMENT OF EDUCATION, SCHOOL DISTRICTS IN THE UNITED STATES, STATE DEPARTMENTS OF EDUCATION IN THE UNITED STATES, CONNECTICUT REGIONAL SCHOOL DISTRICT NO. 10 (HARWINTON & BURLINGTON), CLAYTON COUNTY PUBLIC SCHOOLS, COBB COUNTY SCHOOL DISTRICT, DEKALB COUNTY SCHOOL DISTRICT, MARIETTA CITY SCHOOLS, CITY OF BRISTOL SCHOOL DISTRICT, PENTUCKET REGIONAL HIGH SCHOOL, TOWN OF BRANFORD SCHOOL DISTRICT, TOWN OF CLINTON AND CLINTON BOARD OF EDUCATION, POMFRET CT SCHOOL DISTRICT, TOWN OF PLAINVILLE AND PLAINVILLE BOARD OF EDUCATION, SEYMOUR BOARD OF EDUCATION, TOWN OF WATERTOWN AND WATERTOWN BOARD OF EDUCATION, TOWN OF WINDHAM AND WINDHAM BOARD OF EDUCATION, TOWN OF GROTON AND GROTON BOARD OF EDUCATION, TOWN OF WALLINGFORD AND WALLINGFORD BOARD OF EDUCATION, TOWN OF PLYMOUTH AND PLYMOUTH BOARD OF EDUCATION, MARTHA'S VINEYARD HIGH SCHOOL, PENNSYLVANIA DEPARTMENT OF EDUCATION, ALPINE UNION SCHOOL DISTRICT, BONSALL UNION SCHOOL DISTRICT, BORREGO SPRINGS UNIFIED SCHOOL DISTRICT, CARDIFF ELEMENTARY SCHOOL DISTRICT, CARLSBAD UNIFIED

SCHOOL DISTRICT, CHULA VISTA ELEMENTARY SCHOOL DISTRICT, CORONADO UNIFIED SCHOOL DISTRICT, DEHESA SCHOOL DISTRICT, DEL MAR UNION SCHOOL DISTRICT, ENCINITAS UNION SCHOOL DISTRICT, ESCONDIDO UNION ELEMENTARY SCHOOL DISTRICT, ESCONDIDO UNION HIGH SCHOOL DISTRICT, FALLBROOK UNION ELEMENTARY SCHOOL DISTRICT, FALLBROOK HIGH SCHOOL UNION DISTRICT, GROSSMONT UNION HIGH SCHOOL DISTRICT, JAMUL-DULZURA UNION SCHOOL DISTRICT, JULIAN UNION SCHOOL DISTRICT, JULIAN UNION HIGH SCHOOL DISTRICT, LA MESA-SPRING VALLEY SCHOOL DISTRICT, LAKESIDE JOINT SCHOOL DISTRICT, LEMON GROVE SCHOOL DISTRICT, MCCABE UNION SCHOOL DISTRICT, MOUNTAIN EMPIRE UNIFIED SCHOOL DISTRICT, RAMONA UNIFIED SCHOOL DISTRICT, RANCHO SANTA FE ELEMENTARY SCHOOL DISTRICT, SAN DIEGO COUNTY OFFICE OF EDUCATION, SAN DIEGUITO UNION HIGH SCHOOL DISTRICT, SAN MARCOS UNIFIED SCHOOL DISTRICT, SAN PASQUAL UNION ELEMENTARY SCHOOL DISTRICT, SAN PASQUAL VALLEY UNIFIED SCHOOL DISTRICT, SANTEE SCHOOL DISTRICT, SOLANA BEACH ELEMENTARY SCHOOL DISTRICT, SPENCER VALLEY ELEMENTARY SCHOOL DISTRICT, SWEETWATER UNION HIGH SCHOOL DISTRICT, VALLECITOS ELEMENTARY SCHOOL DISTRICT, VALLEY CENTER-PAUMA UNIFIED SCHOOL DISTRICT, WARNER UNIFIED SCHOOL DISTRICT, CHERRY HILL PUBLIC SCHOOLS, MIDDLETOWN TOWNSHIP PUBLIC SCHOOLS, WEST ORANGE

PUBLIC SCHOOLS, READINGTON TOWNSHIP PUBLIC SCHOOLS, CERTAIN SCHOOL DISTRICTS LOCATED IN THE STATE OF VIRGINIA, CERTAIN SCHOOL DISTRICTS LOCATED IN THE STATE OF CALIFORNIA, TOWN OF STRATFORD BOARD OF EDUCATION, CITY OF NORWALK BOARD OF EDUCATION, CITY OF STAMFORD BOARD OF EDUCATION, CITY OF BRIDGEPORT BOARD OF EDUCATION, OMAHA PUBLIC SCHOOL DISTRICT, AUSTIN INDEPENDENT SCHOOL DISTRICT, ATLANTA INDEPENDENT SCHOOL SYSTEM, FULTON COUNTY SCHOOL DISTRICT, MINNESOTA STATE DEPARTMENT OF EDUCATION, STATE OF WASHINGTON, WASHINGTON STATE SCHOOL FOR THE BLIND, WASHINGTON STATE SCHOOL FOR THE DEAF, SOUTH CAROLINA DEPARTMENT OF EDUCATION,

*Defendants-Appellees*.[*]

_____

| | |
|---|---|
| **For Plaintiffs-Appellants:** | RORY J. BELLANTONI (Peter Glenn Albert, *on the brief*), Brain Injury Rights Group, Ltd., New York, NY. |
| **For Defendants-Appellees Eric Adams, David C. Banks, and New York City Department of Education:** | DIANA LAWLESS, Assistant Corporation Counsel (Georgia M. Pestana, Acting Corporation Counsel, Richard Dearing, Devin Slack, *on the brief*), City of New York, New York, NY. |

---

[*] The Clerk of Court is respectfully directed to amend the caption as reflected above. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mayor Adams and Chancellor Banks are automatically substituted as Defendants-Appellees for the former Mayor, Bill de Blasio, and the former Chancellor, Richard Carranza, respectively.

4

Case 1:20-cv-05878-CM Document 274 Filed 10/05/22 Page 5 of 15
Case 20-4058, Document 127, 10/07/2022, 3399422, Page5 of 15

5

| | |
|---|---|
| **For Defendants-Appellees School Districts in the United States:** | JOHANNA ZELMAN, FordHarrison LLP, Hartford, CT (Michael J. Scarinci, Deputy Attorney General, Pennsylvania Office of Attorney General, Harrisburg, PA; Eric L. Harrison, Methfessel & Werbel, PC, Edison, NY; Curtis A. Johnson, Bond, Schoeneck & King, PLLC, Rochester, NY; Nicholas F. Miller, Baird Holm LLP, Omaha, NE; Christopher A. Long, Louis F. Eckert, Litchfield Cavo LLP, New York, NY; Ryan P. Driscoll, Berchem Moses, Milford, CT; Beth Kaufman, Schoeman Updike Kaufman & Gerber LLP, New York, NY; Lewis R. Silverman, Caroline B. Lineen, Silverman & Associates, White Plains, NY; Adam I. Kleinberg, Sokoloff Stern LLP, Carle Place, NY; Darren Cunningham, Office of the Attorney General, State of Connecticut, Hartford, CT; Kathleen D. Monnes, Joseph K. Scully, Daniel J. Raccuia, Day Pitney LLP, Hartford, CT; Bryce L. Friedman, Simpson Thacher & Bartlett LLP, New York, NY; Jill M. O'Toole, Shipman & Goodwin LLP, New York, NY; Eric A. Mentzer, Senior Counsel, R. July Simpson, Assistant Attorney General, Attorney General of Washington, Olympia, WA; Barbara J. Myrick, Office of the |

|  |  |
|---|---|
|  | General Counsel, School Board of Broward County, Florida, Fort Lauderdale, FL, *on the brief*). |
| **For Defendant-Appellee New York State Department of Education:** | MATTHEW GRIECO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, NY. |
| **For Defendant-Appellee Austin Independent School District:** | JONATHAN GRIFFIN BRUSH (Amy Demmler, *on the brief*), Rogers, Morris & Grover, L.L.P., Houston, TX. |
| **For *Amici Curiae* New York State School Boards Association, Inc. and National School Boards Association,** *in support of Defendants-Appellees*: | Jay Worona, New York State School Boards Association, Inc., Latham, NY; Francisco M. Negrón, Jr., National School Boards Association, Alexandria, VA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the district court's denial of a preliminary injunction is **DISMISSED AS MOOT**; the judgment of the district court as to Defendants-Appellees Mayor Eric Adams, Chancellor David C. Banks,

6

and the New York City Department of Education is **AFFIRMED** in all other respects; and the appeal as to all other Defendants-Appellees is **DISMISSED.**

Plaintiffs-Appellants – school-aged children suffering from various disabilities, and their parents and guardians – appeal from the district court's judgment denying their motion for a preliminary injunction and dismissing their claims under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, against school districts across the nation that shut down or shifted to remote schooling during the initial months of the COVID-19 pandemic.

More specifically, Plaintiffs-Appellants include 104 parents or guardians (the "Parents") of students (the "Students") who are classified as "child[ren] with a disability" under the IDEA, 20 U.S.C. § 1401(3), and were enrolled between March and July of 2020 in public schools either in New York City (the "NYC Plaintiffs") or in one of sixty-five other school districts across New York and fourteen other States. On behalf of putative nationwide classes of *all* such students and *all* parents or guardians of such students, the Students and Parents sued (or purported to sue) defendants including the Mayor of New York City in

7

his official capacity, the New York City Department of Education (the "NYCDOE"), and the Chancellor of the NYCDOE in his official capacity (collectively, the "NYC Defendants"), as well as all 13,821 public school districts in the United States and the state departments of education of all fifty States, the District of Columbia, and Puerto Rico (collectively, the "Non-NYC Defendants"). Alleging principally that the shift from in-person to remote instruction constituted a per se deprivation of the "free appropriate public education" guaranteed to disabled students under the IDEA, 20 U.S.C. § 1412(a)(1)(A), the Students and Parents brought claims – as relevant to this appeal – under the IDEA and RICO.[1] Now before us on appeal are the Students and Parents' arguments that the district court erred in (1) dismissing their IDEA claims against the NYC Defendants for

---

[1] In their initial complaint, the Students and Parents also asserted claims under 42 U.S.C. § 1983; the Federal Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and an assortment of state-law constitutional and statutory provisions. At oral argument, however, counsel for the Students and Parents conceded that they are no longer "pursuing any of the claims in th[is] case . . . other than the IDEA claim against the [NYC] Defendants" and "the RICO [claim]." Oral Argument at 1:43–3:23. "[T]o the extent that certain statements in [the Students and Parents'] briefs here or in the district court are to the contrary, [they] are nevertheless bound by concessions made by their counsel at oral argument." *Dorce v. City of New York*, 2 F.4th 82, 102 (2d Cir. 2021).

8

failure to exhaust administrative remedies, (2) denying them leave to amend their civil RICO claims, and (3) denying their motion for a preliminary injunction.[2]

We review de novo the district court's dismissal of an IDEA claim for failure to exhaust administrative remedies. *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 529–31 (2d Cir. 2020). "[W]e apply a deferential, 'abuse of discretion' standard of review to the district court's informed" exercise of its "sound discretion . . . to grant or deny leave to amend." *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (citation omitted). Finally, we review the district court's denial of a preliminary injunction for abuse of discretion. *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013).

*First*, the Students and Parents argue that the district court erred in dismissing their IDEA claims for failure to exhaust available administrative remedies. To exhaust their administrative remedies under the IDEA, the Students and Parents needed to (1) seek relief from an Impartial Hearing Officer

---

[2] While the Students and Parents' briefs framed their arguments more broadly, the scope of their appeal has been "limited" significantly "by concessions made by their counsel at oral argument." *Dorce*, 2 F.4th at 102. Based on the Students and Parents' concession that "on this appeal, [the Court] do[es]n't need to worry about any of the Appellees other than the [NYC] Defendants," Oral Argument at 2:10–2:22, we dismiss their appeal as to the Non-NYC Defendants. Likewise, whereas the Students and Parents' briefs had challenged the *merits* of the district court's dismissal of their civil RICO claim, they are now "bound" by their counsel's "clarifi[cation]," *Dorce*, 2 F.4th at 102, that they are "not appealing the substance of th[at] decision" – "just the 'with prejudice' part," Oral Argument at 2:47–3:26.

9

("IHO") of the NYCDOE and, if the IHO denied such relief, then (2) seek review by a State Review Officer ("SRO") of the New York State Education Department (the "NYSED"). *See Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 379–80 (2d Cir. 2003) (citing 20 U.S.C. § 1415(f), (g), (i)(2)(A); N.Y. Educ. Law § 4404(1), (2)).

The Students and Parents do not dispute that they failed to exhaust their administrative remedies, but instead argue that it would have been futile to do so. They offer two alternative theories of futility: (1) that seeking relief from an IHO and SRO would have been futile in light of "the delay caused by the COVID closures, compounded by the delays caused generally by [New York] City and the administrative processes"; and (2) that "[t]he result [they] were seeking could not have been ordered by an IHO or an SRO," as such officers "lack the power to reopen the public schools." Students and Parents Br. at 43–44. But while it is true that "the exhaustion requirement does not apply in situations in which exhaustion would be futile," *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 205 (2d Cir. 2007) (internal quotation marks omitted), neither of the Students and Parents' two theories of futility avails them.

The first fails on the merits. To establish futility on account of delay, the Students and Parents must show that the relevant "administrative bodies

10

*persistently* fail to render expeditious decisions as to a child's educational placement." *Frutiger v. Hamilton Cent. Sch. Dist.*, 928 F.2d 68, 74 (2d Cir. 1991) (emphasis added). But beyond vague and conclusory assertions that there was "delay caused by the COVID closures" or "generally by [New York] City and the administrative processes," Students and Parents Br. at 44, the Students and Parents have failed to show that any such delays actually existed – much less that they were "persistent[]," *Frutiger*, 928 F.2d at 74. In their reply brief, the Students and Parents attempt to remedy this failure by pointing out that the plaintiffs in a separate case have made more specific allegations of systemic delay in NYCDOE's and NYSED's administrative processes. *See* Complaint, *J.S.M. v. N.Y.C. Dep't of Educ.*, No. 20-cv-705 (EK) (E.D.N.Y. Feb. 7, 2020), ECF No. 1. But the *J.S.M.* plaintiffs' specific allegations of delay will not compensate for *these* plaintiffs' failure to offer any such allegations, as we may not "take judicial notice of a document filed in another court . . . for the truth of the matters asserted" therein. *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (internal quotation marks omitted).

The Students and Parents' second theory of futility – that IHOs and SROs would lack the power to reopen the public schools – is not properly preserved for

11

our review. Because that argument was neither passed upon by the district court below nor even *suggested* to that court, we deem it waived. *See Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001) ("In general, 'a federal appellate court does not consider an issue not passed upon below.'" (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976))).

Because the Students and Parents cannot point to any non-waived basis on which to excuse their failure to exhaust their administrative remedies as required by the IDEA, the district court properly concluded that it lacked subject-matter jurisdiction over Students and Parents' IDEA claims. *See Ventura de Paulino*, 959 F.3d at 530 ("[U]nless an exception applies, the exhaustion of administrative remedies under the IDEA is a 'jurisdictional prerequisite' of the statute and . . . a 'plaintiff's failure to exhaust deprives a court of subject[-]matter jurisdiction' over any IDEA claims." (first quoting *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002); then quoting *Polera v. Bd. of Educ.*, 288 F.3d 478, 483 (2d Cir. 2002)) (alteration omitted)).[3]

---

[3] To be sure, we "have questioned . . . the supposed jurisdictional nature of the [IDEA's] exhaustion requirement" in the dicta of some of our "recent[]" decisions. *Ventura de Paulino*, 959 F.3d at 530 (collecting cases). But unless and until *Murphy* and *Polera* are "overruled either by an en banc panel of our Court or by the Supreme Court," we are "bound" by them. *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 405 (2d Cir. 2014) (citation omitted).

12

*Second*, the Students and Parents argue that the district court "abused its discretion by denying [their] motion to amend the[ir] civil RICO claim." Students and Parents Br. at 44 (capitalization standardized). This argument mischaracterizes the record. It was Judge McMahon – not the Students and Parents – who first (constructively) amended their complaint to include RICO claims after their filing of a "RICO Case Statement" pursuant to her Individual Rules. When the Students and Parents subsequently moved for leave to amend their complaint to "include their [c]ivil RICO claims," Dist. Ct. Doc. No. 133 at 2, Judge McMahon essentially denied their request as moot, explaining that she had already treated their RICO Case Statement as "*automatically* amend[ing] their complaint to include a RICO count," Sp. App'x at 31 (emphasis added). But after Judge McMahon constructively added the RICO claim to the Students and Parents' complaint, they never moved to further amend the claim itself with any new allegations. Indeed, they tacitly concede as much in their reply brief, offering no response to the NYC Defendants' observation that "the district court granted [the Students and Parents] all the relief they sought in terms of amendment." NYC Defendants Br. at 40. We therefore reject the Students and Parents' "contention that the [d]istrict [c]ourt abused its discretion in not permitting an

13

amendment that was never requested." *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249–50 (2d Cir. 2004).

*Third*, and finally, the Students and Parents challenge the district court's denial of the NYC Plaintiffs' motion for a preliminary injunction against the NYC Defendants, pursuant to the IDEA's so-called "pendency" or "stay-put" provision, 20 U.S.C. § 1415(j). But because we have already affirmed the dismissal of their underlying IDEA claims, this portion of their appeal is now moot. *See, e.g.*, *Pierce v. Woldenberg*, 498 F. App'x 96, 98 (2d Cir. 2012) ("[A]s the merits have already been decided against him, [the plaintiff-appellant's] appeal from the denial of his motion for preliminary relief is moot." (citing *Ruby v. Pan Am. World Airways, Inc.*, 360 F.2d 691, 691–92 (2d Cir. 1966))). Indeed, the Students and Parents conceded as much at oral argument, where they agreed that if we "affirm the dismissal [of the IDEA claim] on the basis of exhaustion," we "don't even need to get to the issue of [the preliminary] injunction." Oral Argument at 1:01:55–1:02:24.

We have considered the Students and Parents' remaining arguments and find them to be meritless. Accordingly, we **DISMISS** their appeal as to the Non-NYC Defendants, **DISMISS AS MOOT** their appeal from the denial of a

preliminary injunction, and otherwise **AFFIRM** the judgment of the district court to the extent that it dismissed the claims against the NYC defendants.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

15